## MOSKOWITZ v. DEUTSCH et al.

### (Supreme Court, Appellate Term.  March 23, 1905.)

CHECKS—ALTERATION—RIGHTS OF HOLDER IN DUE COURSE.

Under Negotiable Instruments Law, Laws 1897, p. 745, c. 612, § 205, providing that when an instrument has been materially altered, and is in the hands of an innocent holder in due course, he may enforce payment according to its original tenor, where the payee of defendants' check, representing it was lost, received and cashed one in place of it, and then changed the first check so as to make its date 10 days later than when made, plaintiff, who became its owner in due course, was entitled to recover on it, the risk run by delay in presenting a check being only that the bank may have become insolvent.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Max Moskowitz against Isidor Deutsch and another. From a judgment for plaintiff, defendants appeal.  Affirmed.

Argued before SCOTT, O'GORMAN, and BLANCHARD, JJ.

Fried & Friedman, for appellants.

H. M. Wald, for respondent.

O'GORMAN, J.  The defendants made a check to one Goldberg under date of September 2d.  On the following day the payee represented to the defendants that he had lost this check, whereupon payment thereof was stopped at the bank, and five or six days later he received from the defendants another check for the same amount, which was duly cashed.  A day or two after September 12th, the original check of September 2d with a "1" inserted before the "2," making the date September "12," was indorsed over to the plaintiff by Goldberg, and cashed.  The plaintiff now sues the drawers, and the defense is a general denial and forgery.  That the date of this check has been altered by Goldberg, or at his instance, is too clear for dispute.  Such an alteration is material, constitutes forgery, and destroys the validity of the check, except as provided by section 205 of the negotiable instruments law (Laws 1897, p. 745, c. 612), which declares that, "when an instrument has been materially altered and is in the hands of a holder in due course, not a party to the alteration, he may enforce payment thereof according to its original tenor."  If it be assumed, therefore, as the court below has found, that the plaintiff is an innocent holder for value in due course, he may assert such rights as are conferred by the check as it was before the alteration.  We then have a case where a check dated September 2d is cashed by the plaintiff and presented for payment more than 10 days thereafter.  As all the parties resided, and the bank was situated, in the city of New York, the delay in the presentment of the check was unreasonable, and was sufficient to discharge the defendants as drawers from liability thereon to the extent of the loss, if any, incurred by them in consequence of the delay.  But the only way in which a drawer of a check can be exposed to injury by such delay is where the bank becomes insolvent subsequent to the delivery of the check and prior to its present-

ment. Eaton & Gilbert on Commercial Paper, 630, and cases cited; Andrus v. Bradley (C. C.) 102 Fed. 54, affirmed 107 Fed. 196, 46 C. C. A. 238, 53 L. R. A. 432. The loss suffered by the defendants must be attributed not to delay in the presentment of the check, but to their imprudent reliance on the false and fraudulent representations of the payee. Before giving the new check, the defendants might have insisted upon full indemnity from Goldberg, and thus escaped the loss of which they now complain. By their conduct, Goldberg found it possible to perpetrate a fraud, and the consequences of their misplaced confidence in him should be borne by them, and not visited upon the plaintiff, an innocent party to the transaction. Upon the facts, the plaintiff was entitled to judgment.

Judgment affirmed, with costs. All concur.