PAUL VITALE, Appellant, v. LE PETIT PARIS, INC., Respondent.

Supreme Court, Appellate Term, First Department, February Term — Filed March, 1922.

Negotiable instruments — delay in presenting check — maker not discharged where delay has occasioned no damage to him.

Under section 131 of the Negotiable Instruments Law the maker of a check is not discharged unless the delay to present the check for payment within a reasonable time has occasioned damage to him.

The day after defendant had drawn its check dated December 17, 1920, the payee negotiated it for cash to one who in turn indorsed and delivered it in payment of goods purchased from one who on December 28, 1920, deposited the check to the credit of his account in bank. After payment on the check had been stopped it was assigned and transferred to plaintiff for the purpose of commencing a suit thereon against the maker. *Held*, that there being no evidence of any loss to defendant because of delay in presentment of the check, the judgment in defendant's favor will be reversed, with costs, and judgment directed for the plaintiff.

APPEAL by plaintiff from a judgment of the Municipal Court of the city of New York, borough of Manhattan, first district, in favor of defendant.

*Oscar Aronson,* for appellant.

*Cohen, Haas & Schimmel (Isidore Cohen,* of counsel), for respondent.

*Per Curiam.* Action by assignee of alleged innocent holder for value upon a check made by defendant. On December 17, 1920, the defendant drew its check on the Chatham and Phœnix National Bank of New York for $200 to the order of O. Turi & Co. It is not disputed that this check was duly indorsed by the payee and delivered to one Delfava for $200 in cash, that Delfava duly indorsed and delivered the check to one De Figlia for a quantity of flour purchased by Delfava from De Figlia and that De Figlia deposited the check to the credit of his account in the Title Guarantee and Trust Company of Long Island City, but that the check was not paid as payment had been stopped. Thereupon the check was assigned and transferred to plaintiff for the purpose of commencing suit. The check was negotiated by the payee the day after its issue. It is defendant's contention that the check was given to the payee O. Turi & Co. as deposit on an agreement made between defendant and the payee for the installation of a rotisserie oven in defendant's place of business. Subsequently a concern known as the Rotisserie Range Company threatened defendant with an infringement suit if it accepted the oven of O. Turi & Co. upon the claim that O. Turi & Co.'s oven infringed

upon a patent owned by the Rotisserie Range Company. Thereupon defendant stopped payment on the check and had a rotisserie oven installed by another concern. The check was dated December 17, 1920. It was deposited by De Figlia on December 28, 1920. Respondent claims the provisions of section 92 of the Negotiable Instruments Law apply. That section reads as follows: "Where an instrument payable on demand is negotiated an unreasonable length of time after its issue, the holder is not deemed a holder in due course."

I cannot agree with the contention of respondent that De Figlia, into whose hands the check came eleven days after its date, because of the provisions of 'this section, is not a holder in due course and that the defense of lack of consideration is, therefore, good against plaintiff who derives his title from De Figlia. De Figlia deposited the check in his bank within a reasonable time after its negotiation to him. The rule is that as between the holder and indorser of a check, presentment must be made under section 131 of the Negotiable Instruments Law within a reasonable time or the indorser will be discharged regardless of damage that the indorser may have sustained by the delay; but as between the holder and maker of a check although the holder has delayed the presentment beyond a reasonable time, the maker is not discharged unless the delay has occasioned damage to him. *Carroll* v. *Sweet,* 128 N. Y. 19; *Murray* v. *Judah,* 6 Cow. 484; *Dehoust* v. *Lewis,* 128 App. Div. 131; *Moskowitz* v. *Deutsch,* 46 Misc. Rep. 603.

There is no evidence in the case of any loss to respondent, the maker of the check in question, because of delay in its presentment. Upon the evidence judgment should have been rendered for plaintiff.

Judgment reversed, with thirty dollars costs, and judgment directed for plaintiff.

All concur.

Judgment reversed.