CHARLES SPRINGER, Appellant, *v.* BEN ERDMAN, Respondent, and SAMUEL KRINSKY, Doing Business, etc., Defendant.

Supreme Court, Appellate Term, First Department, May 21, 1925.

**Bills and notes — checks — action by holder of check to recover amount paid on said check on which payment had been stopped — delay in negotiation of check and irresponsibility of payee did not deprive holder of rights of bona fide purchaser for value.**

Plaintiff, who cashed defendant's check eleven days after its date, and after payment had been stopped thereon, was a *bona fide* purchaser for value and is entitled to recover the amount of the check, though the evidence discloses that he had no confidence in the financial responsibility of the person for whom he cashed the check but relied on the credit of the maker.

APPEAL by plaintiff from a judgment of the Municipal Court, Borough of Manhattan, Fourth District, dismissing the complaint as against defendant Erdman.

*Jacob M. Mandelbaum* [*Morse S. Hirsch* of counsel], for the appellant.

*Fisch & List* [*Samuel List* of counsel], for the respondent.

PER CURIAM:

Defendant Erdman issued a check to defendant Krinsky. Upon his assurance that it was lost, Erdman issued a duplicate, with the understanding that he was to stop payment on the first check. Thereafter, on October fourteenth, Krinsky procured the first check to be cashed by plaintiff.

The sole question in the case is whether plaintiff was a *bona fide* purchaser for value. The court below has found that he was not. The only evidence to sustain this finding is that he admitted he had no confidence in Krinsky's financial responsibility and cashed the check in reliance on the credit of the maker and the circumstance that he cashed the check eleven days after its date. It cannot be said that plaintiff was put on notice when a financially irresponsible person presented to him the check of a responsible person to be cashed, nor is any inference of fraud or bad faith permissible from the mere circumstance that eleven days had elapsed. (*Vitale* v. *Le Petit Paris, Inc.*, 118 Misc. 261.)

Judgment reversed, with thirty dollars costs, and judgment directed for plaintiff for the amount of the check and interest and costs.

All concur; present, BIJUR, MITCHELL and PROSKAUER, JJ.