DORA DULBERG, Individually, and as Administratrix, etc., of JOSEPH DULBERG, Deceased, Respondent, *v.* THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Appellant.

Second Department, July 8, 1937.

*James D. Ewing,* for the appellant.

*Arthur Levitt,* for the respondent.

HAGARTY, J. This is an action to recover the principal sum of an insurance policy, alleged to have become due by reason of the accidental death of the insured, and indemnity for disability during the period between the insured's accident and his death.

The policy, known as an accident and health policy, was issued by the defendant to the plaintiff's intestate on the 25th day of November, 1921, for a term of twelve months. The policy provided, however, that it might be renewed for terms of twelve months each by the payment of a specified premium in advance. It further provided for a grace period of thirty-one days with respect to the payment of each premium after the first, and that if default was made in the payment of the agreed premium, the subsequent acceptance of a premium should reinstate the policy. A premium became due on the 25th day of November, 1933. The insured suffered an accident on the 4th day of June, 1935, as the result of which he died, five days later. There is no dispute as to the amount involved.

Briefly, the claim of the defendant-appellant is that the premium which became due on the 25th day of November, 1933, was not paid, and that the policy was not subsequently reinstated. Its claim is that on Saturday, the 23d day of December, 1933, it received from the insured a check, which was deposited by it for collection on the next succeeding business day, which was Tuesday, December 26, 1933. The check, signed by the insured's wife, the plaintiff here, and by Anna Dulberg, the insured's sister, was drawn on the Manufacturers Trust Company, and was put through for clearance the following day, December twenty-seventh and was concededly returned, with the notation " uncollected funds."

Plaintiff-respondent's proof is to the effect that the check was mailed on the evening of Thursday, December 21, 1933. Her claim is that a presumption arises that the check was received in due course on Friday, the twenty-second day of December, and that the defendant was obligated to deposit it either that day or the next succeeding business day, which would have been Saturday, December twenty-third. If it had been so deposited, the proof is that the check would have cleared in the morning of December twenty-sixth and thus would have arrived in time to have been honored.

After the check was returned to the defendant, the defendant in turn sent it to the insured with a letter dated December 28, 1933, informing him of the return of the check, and also that, inasmuch as the grace period had expired, the policy had lapsed. It is con-

ceded that on the 29th day of December, 1933, the insured called at the office of the defendant and tendered a certified check in payment of the premium. By letter dated the 5th day of January, 1934, the company informed the insured that his application for reinstatement of the policy had been declined, and that the policy, therefore, " must remain as lapsed."

While the question does not seem to have been clearly presented when the case was here before on the plaintiff's appeal (249 App. Div. 785), I am of opinion that the plaintiff's contention that the policy did not lapse for nonpayment, but that it must be deemed effective and binding on the defendant because of the delay of one day by the latter in presenting the check for payment, is unavailing. Therefore, I think that the question resolved by the jury in favor of the plaintiff, that the defendant, after receipt of the check, did not act with reasonable diligence in placing the check in process of collection, was immaterial. The check was dishonored by a solvent bank solely because there were not funds on deposit with which to pay it. That was the fault of the drawer, and the fact that the check was not drawn by the insured is of no consequence. Delay in presentation will not discharge a drawer from liability where the latter himself is responsible for non-payment. The check was accepted from the insured on the condition that it would be honored when presented, and consequently did not constitute payment of the premium within the period of grace. That it did not was accepted by the insured, as evidenced by his subsequent act in tendering a certified check in payment of the premium. Moreover, there is no proof that a tender was made for a renewal for the year in which the insured died.

While I find no case in this State directly in point, in *Moskowitz* v. *Deutsch* (46 Misc. 603) the Appellate Term, First Department, held generally, to quote from the opinion (O'GORMAN, J.), that " the only way in which a drawer of a check can be exposed to injury by such delay is where the bank becomes insolvent, subsequent to the delivery of the check, and prior to its presentment." (See, also, *Conroy* v. *Warren*, 3 Johns. Cas. 259, and *Industrial Bank* v. *Bowes*, 165 Ill. 70; 46 N. E. 10.)

The judgment for the plaintiff, rendered upon a directed verdict after trial before a jury of a framed question, should be reversed on the law and the complaint dismissed, with costs to the appellant.

LAZANSKY, P. J., and DAVIS, J., concur; CARSWELL and JOHNSTON, JJ., dissent and vote to affirm.

Judgment reversed on the law, with costs, and complaint dismissed, with costs.