MORRIS PAPARO et al., Respondents, *v.* JOSHUA S. SHULMAN, Appellant.

(Supreme Court, Appellate Term, First Department, January, 1922.)

City Court of New York — practice — commercial calendar — breach of contract to manufacture — when consolidation of actions will not be ordered.

   The answer in an action brought in the City Court of New York to recover damages for breach of contract upon allegations that defendant improperly manufactured certain shirts, admitted the agreement, denied the other allegations of the complaint, but pleaded no counterclaim. The answer in an action subsequently brought in the City Court by the defendant in the first action against the plaintiffs therein for the manufacture, sale and delivery of the same shirts, denied most of the material allegations of the complaint and set up two counterclaims; one identical with the cause of action set forth in the first action and the other for additional damages and allow-

ances. The second action having been duly placed upon the commercial calendar and entitled to a preference may be promptly reached for trial, whereas the first action may not be tried for over a year. *Held*, that an order for the consolidation of both actions entered upon granting a motion by plaintiffs in the first action and directing that the second action be stricken from the calendar, will be reversed, the motion denied, and the case restored to the commercial calendar.

Appeal by defendant from an order of the City Court of the city of New York, consolidating a certain action brought by the defendant herein against the plaintiffs in said action with the above entitled action, and ordering that said action by defendant against the plaintiffs be stricken from the commercial calendar of said court.

Abraham P. Wilkes, for appellant.

Nathaniel H. Kramer (Ira J. Schuster, of counsel), for respondents.

Lydon, J. The plaintiffs commenced an action in the City Court on August 5, 1921, to recover damages for breach of contract, alleging that defendant improperly manufactured certain shirts. Defendant duly answered admitting the agreement but denied the other allegations of the complaint. The answer contains no counterclaim of any kind.

About a month after this action was commenced the defendant above named brought an independent action in the City Court against the plaintiffs for manufacture, sale and delivery of the shirts in question. In this second action the plaintiffs herein interposed an answer denying most of the material allegations of the complaint and setting up two counterclaims. The first counterclaim is identical with the

cause of action set forth in the complaint in the first action, and the second counterclaim is for additional damages and allowances. The said second action was duly placed upon the commercial calendar of the City Court, under the rules of the said court, whereby it was entitled to a preference, being for labor, and goods sold and delivered. This second action would, therefore, be promptly reached for trial, whereas the first action for damages could not be reached for over a year. The plaintiffs herein brought on a motion in the City Court to consolidate the two actions, said motion was granted, and the order entered thereon directed that the second action be stricken from the commercial calendar.

I think the order should not have been granted because the rights of both parties could have been determined promptly and completely in an earlier trial, which would have been had in the second action, whereas this order does nothing more than delay the determination of the rights of the parties for one year, and I think that the defendant herein has been deprived of a substantial right, in that he was denied a speedy trial. *Miller* v. *Baillard,* 124 App. Div. 555, 557. In these days of commercial uncertainty when business failures are in the ascendency, it behooves a party litigant to expeditiously reduce his claim to judgment, and the courts must assist litigants to get their respective claims determined as promptly as possible.

Order reversed, with ten dollars costs, and motion denied with ten dollars costs, and the case restored to the commercial calendar.

BIJUR and McCOOK, JJ., concur.

Ordered accordingly.