JAMES VIRDONE, Trustee in Bankruptcy of the Estate of PARKWAY TERRACE, INC., Appellant, Respondent, *v.* GLOBE BANK AND TRUST COMPANY and Others, Respondents, Appellants.

Second Department, April 4, 1932.

*Samuel Okin,* for the plaintiff.

*James J. Milligan,* for the defendants.

PER CURIAM. The second amended complaint states several causes of action for conversion and money had and received, more or less jumbled together. It is unnecessarily prolix, obscure, repetitious and redundant. If the defendants had moved to strike out the entire complaint on those grounds (Rules Civ. Prac. rules 102, 103), very likely the motion would have been granted and the plaintiff required to make a plain and concise statement of the material facts (Civ. Prac. Act, § 241), separately stating and numbering the causes of action. (Rules Civ. Prac. rule 90.) Courts do not favor such long and confused pleadings. (*Gutta-Percha & Rubber Mfg. Co.* v. *Holman,* 150 App. Div. 678; *International Railway Co.* v. *Jaggard,* 204 id. 67; *Allen* v. *Fink,* 211 id. 411, 413; *Prescott* v. *Guibord,* 221 id. 438; *Merchants National Bank* v. *Prescott & Son, Inc.,* 223 id. 194.) But defendants made a motion addressed to only certain parts of the complaint. Paragraphs " twenty-first " and " twenty-second " were struck out. These paragraphs are apparently essential to the scheme of the complaint as it now stands. It is permissible to plead liability on two different theories in the same complaint if it arose in the same transaction or series of transactions, as seems to be the case here (Civ. Prac. Act, § 258, subd. 9), and to join defendants although they may be liable in different amounts (Civ. Prac. Act, §§ 211, 212). We think the defendants sufficiently understand the complaint so that they may

interpose answers with no great difficulty and proceed promptly to the trial of the issues presented. They can gain any further knowledge necessary by means of a bill of particulars. Nothing would be gained, except delay, if this court were to attempt to rewrite, or direct the rewriting of, the complaint by striking out portions here and there and requiring separate statement and numbering of paragraphs.

On the other hand, we fail to find any facts stated to sustain that part of the complaint designated as the third cause of action. It is repetitious and unnecessary. Standing alone, it may, without great labor and difficulty, be disposed of by striking it out.

The order should be modified by restoring to the second amended complaint paragraphs " twenty-first " and " twenty-second," and by striking out the third cause of action; and as so modified affirmed, without costs, with leave to defendants to answer within ten days after service of a copy of the order herein.

LAZANSKY, P. J., KAPPER, HAGARTY, TOMPKINS and DAVIS, JJ., concur.

Order modified by restoring to the second amended complaint paragraphs " twenty-first " and " twenty-second " and by striking out the third cause of action, and as so modified affirmed, without costs, with leave to defendants to answer within ten days after service of a copy of the order herein.