MICHELE SILVESTRI and Another, Respondents, *v.* THE ASSOCIATED GAS AND ELECTRIC CORPORATION, Appellant.

Fourth Department, January 24, 1934.

*Leo Waxman*, for the appellant.

*Christopher H. D'Amanda*, for the respondents.

EDGCOMB, J. This is a motion to compel the plaintiffs to make their complaint more definite and certain, and to separately state and number their causes of action, and to strike out certain allegations as tending to prejudice and delay the fair trial of the case.

The basis of the action is the sale by the defendant to the plaintiffs of a seven per cent convertible obligation of the defendant in January, 1932.

The complaint is most inartistically drawn; it is a long, rambling, obscure, disarranged and confusing document; it is impossible to determine the precise meaning or application of much of the matter contained in the pleading. It is apparent that the pleader had no clear idea of the theory of his cause of action. He failed to follow the elementary and simple rule prescribed by the statute that " every pleading shall contain a plain and concise statement of the material facts, without unnecessary repetition, on which the party pleading relies." (Civ. Prac. Act, § 241.) Loose pleadings of this character add much to the work of the courts, to say nothing of that of opposing counsel.

It seems to be conceded that the complaint states some cause of action. Appellant's difficulty is to determine, from the mass of disarranged, superabundant, obscure and disordered allegations what the nature of the action actually is. We find ourselves in the same predicament.

It will serve no useful purpose to discuss in detail the various allegations of the complaint. It is quite evident that the plaintiffs have attempted to set up a cause of action for breach of contract, and also one for fraud. And yet no attempt has been made to follow the mandate of rule 90 of the Rules of Civil Practice, and to separately state and number the causes of action. Many of the

allegations are inapplicable and immaterial, if plaintiffs elect to proceed upon one theory, while others have no place in the pleading, if the cause of action is founded upon the other hypothesis.

Respondents also lose sight of the different remedies given to one who has been induced by fraudulent representations to purchase property. This rule has been stated many times. Possibly it should be restated here. Such a person has any one of three remedies: 1. He may, upon discovery of the fraud, rescind the contract, and sue in an action at law to recover the consideration parted with, but he must restore, or offer to restore, whatever he has received by virtue of the contract. 2. He may bring an action in equity to rescind the agreement, and in such an action will be accorded full relief. 3. He may retain that which he has received, and bring an action at law, based upon the other party's fraud, to recover the amount of damages sustained. This form of action is commonly known as one for deceit in tort, or for fraud and deceit. (*Merry Realty Co.* v. *Shamokin & Hollis R. E. Co.*, 230 N. Y. 316, 323; *Weigel* v. *Cook*, 237 id. 136, 141; *Heckscher* v. *Edenborn*, 203 id. 210, 220; *Vail* v. *Reynolds*, 118 id. 297, 302; *Commercial Credit Corp.* v. *Third & Lafayette Sts. Garage, Inc.*, 226 App. Div. 235, 236; *Wood* v. *Hill, No. 2*, 214 id. 417, 421, 422.)

A person defrauded cannot take advantage of all three of these remedies; he must choose the one under which he will proceed. The common-law action for fraud and deceit and the action to recover the purchase price of the article purchased are inconsistent. In the former the party who has been deprived of his property by a deceitful device affirms the contract, and retains the article purchased, and sues to recover the damages sustained because of defendant's fraud; in the latter the defrauded party rescinds the agreement, returns the goods which he bought, or offers so to do, and seeks to recover the amount paid, in an action for money had and received. The election of one of these remedies is a waiver of the others. (*Merry Realty Co.* v. *Shamokin & Hollis R. E. Co.*, 230 N. Y. 316, 323; *Gould* v. *Cayuga County Nat. Bank*, 99 id. 333, 337; *Turner Lumber Co.* v. *Lacey*, 199 App. Div. 534, 537.)

Concededly, this is not an equity action. We find, however, allegations which seem to indicate that the pleader is seeking to recover in a common-law action for fraud and deceit, but which are fatal where a recovery is sought on the theory of a rescission of the contract; in other parts of the pleading we discover allegations fatal to the former form of action, but essential to the latter. One incident of this inconsistency will suffice to illustrate the point here under discussion. Plaintiffs allege that they offered to return the obligation which they purchased to the defendant, and demanded

their money back, and in the next breath they state that they are, and at all the times mentioned in the complaint were, the owners of said obligation, and that it is now in their possession.

The defense to an action for breach of contract and one based on fraud is entirely different, and in many respects the defense in the two kinds of fraud actions is not the same. Defendant is entitled to know from the complaint what it must be expected to meet on the trial, so that it may present any defense which it has, and not be caught unawares.

We think that this case comes squarely within the provisions of rule 102 of the Rules of Civil Practice, and that plaintiffs should be required to serve an amended complaint making the precise meaning of their complaint definite and certain, and, if they think that they have more than one cause of action which they can unite in the same complaint, that they should comply with rule 90 of the Rules of Civil Practice, and separately state and number such causes of action.

Doubtless such pleading will be drawn in a much more careful and scientific manner than the one criticised on this motion, and all irrelevant and superfluous allegations will be omitted.

The order appealed from should be reversed, and the motion granted to the extent indicated in this opinion.

All concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, without costs, requiring service of amended complaint.