JOSEPH A. NOE and Another, as Administrators of MIRIAM J. NOE, Deceased, Appellants, v. JONAS W. WOLF, Respondent.— Action to recover damages for the death of plaintiffs' intestate through the negligence, as alleged, of defendant in the use and administration of an anæsthetic. Appeal from a judgment dismissing the complaint at the close of plaintiffs' case. Judgment reversed on the law and a new trial granted, costs to appellants to abide the event. In our opinion, plaintiffs made out a *prima facie* case and were entitled to have the court submit to the jury the question of defendant's negligence in permitting chloroform to be used as the anæsthetic and in directing the anæsthetist in the " pouring " of the chloroform. Lazansky, P. J., Hagarty, Carswell, Tompkins and Davis, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH ZEILER, Alias JOSEPH ZEIDLER, Appellant.— Judgment of the County Court of Queens county convicting defendant of the crime of burglary in the third degree as a second offense affirmed. No opinion. Lazansky, P. J., Hagarty, Carswell and Davis, JJ., concur; Tompkins, J., dissents and votes for reversal and a new trial upon the ground that it was prejudicial error for the court, during the trial, to receive proof of the defendant's previous conviction. That was a matter for proof and the consideration of the court, after the verdict of the jury, on the question of punishment.

LEO RITTER, Appellant, v. ARTHUR NIRENBERG, Individually, and as Administrator, etc., of FRANCES NIRENBERG, Also Known as FRANCES LIEB, Also KNOWN as FRANCES RITTER, Deceased, Respondent.— In an action to recover certain stock or its value, order granting defendant's motion to compel plaintiff to serve an amended complaint, on the ground that causes of action are improperly united, reversed on the law and the facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to defendant to serve an answer within ten days from the entry of the order herein. The two causes of action stated in the complaint involve the same subject-matter, arise out of the same transaction, and seek the same result, to wit, the return of the stock or its value. Although brought on different theories of liability, they are consistent with each other; and it appears on the face of the complaint that they do not require different places of trial. They may, therefore, be joined. (Civ. Prac. Act, § 258; *Virdone* v. *Globe Bank & Trust Co.*, 235 App. Div. 125.) Lazansky, P. J., Hagarty, Carswell, Tompkins and Davis, JJ., concur.

ALICE ROTH and Another, Appellants, v. FRED BEERS, INC., Respondent.— In an action by plaintiff Alice Roth to recover damages for personal injuries growing out of the fall, through defendant's negligence, of a milk bottle box, with which she came in contact, and by her husband to recover for expenses and loss of services, judgment and order unanimously affirmed, with costs to respondent. No opinion. Present — Lazansky, P. J., Young, Carswell, Scudder and Davis, JJ.