REBECCA DICKLER, Plaintiff, *v.* NATIONAL CITY BANK OF NEW YORK and Others, Defendants.

Supreme Court, Special Term, New York County, October 26, 1935.

*Bobker & Dickler,* for the plaintiff.

*Sherman & Sterling,* for the defendant National City Bank of New York.

COHN, J. This motion must be determined in the light of section 258 of the Civil Practice Act as it is now written (Laws of 1935, chap. 339, effective Sept. 1, 1935). This section, in the view of the court, does not, as plaintiff contends, supersede rule 102 of the

Rules of Civil Practice. While under the present wording of section 258 a plaintiff " may unite in the same complaint two or more causes of action whether they are such as were formerly denominated legal or equitable," this does not permit the joinder in one complaint of mutually exclusive causes of action. The joinder in the same complaint of (1) a cause of action in tort for money damages for false representations by which plaintiff was induced to purchase the bonds, and (2) a cause of action to rescind the purchase of the bonds and to recover the purchase price, and (3) a cause of action in tort for money damages in the amount of the bonds against the defendants by reason of their alleged negligence as fiduciaries for the plaintiff is obviously improper. As is stated in the case of *Silvestri* v. *Associated Gas & Electric Corp.* (240 App. Div. 179, at p. 181): " The common-law action for fraud and deceit and the action to recover the purchase price of the article purchased are inconsistent. In the former the party who has been deprived of his property by a deceitful device affirms the contract, and retains the article purchased, and sues to recover the damages sustained because of defendant's fraud; in the latter the defrauded party rescinds the agreement, returns the goods which he bought, or offers so to do, and seeks to recover the amount paid, in an action for money had and received. The election of one of these remedies is a waiver of the others. (*Merry Realty Co.* v. *Shamokin & Hollis R. E. Co.*, 230 N. Y. 316, 323; *Gould* v. *Cayuga County Nat. Bank*, 99 id. 333, 337; *Turner Lumber Co.* v. *Lacey*, 199 App. Div. 534, 537.) "

Plaintiff here must elect to proceed upon either an affirmance or a rescission of the contract.

Motion directing the service of an amended complaint which shall not contain any causes of action which may not be united is accordingly granted. Plaintiff is to serve amended pleading within ten days after service of a copy of this order, with notice of entry thereof. Order signed.