SEYMOUR LEE, Plaintiff, *v.* AMERICAN BONDING COMPANY OF BALTIMORE, Defendant.

City Court of New York, Special Term, Bronx County, April 21, 1937.

*I. Arthur Deutsch,* for the plaintiff.

*Thomas E. White,* for the defendant.

EVANS, J. The plaintiff sues on an insurance policy. He is met with the defense that several answers to the questions contained in the application for the policy are false. The plaintiff fears that they are in fact false. But plaintiff did not make the false answers, and did not even know such answers were made. That was done by the insurance agency without plaintiff's knowledge, authority or consent. Such conduct on the part of the insurance agency makes it liable to plaintiff for negligence at least. Being met with that defense on the part of the insurance company, and fearing that it may be true, plaintiff wishes to join the insurance agency as a defendant in an action for negligence by authority of sections 211, 213 and 258 of the Civil Practice Act.

The cause of action against the insurance company is, of course, in contract, and the cause against the insurance agency in tort. It is true that the cause of action against the insurer negatives any cause of action against the agency, and also that the cause of action against the agency negatives any cause of action against the insurer. But both causes of action arise out of the one and the same transaction, and there is liability, in the alternative, either against the insurance company in contract, or against the agency in tort. Under such circumstances, both parties may be sued in the same complaint. The principle laid down in *Miller* v. *Spitzer* (224 App. Div. 39) is unquestionably the law, but there is nothing in that opinion that shows that principle to be applicable to the facts here alleged. Motion is, therefore, granted.