ELIZABETH M. DOLAN, Respondent, v. HARRY T. DOLAN, Appellant.— Appeal from that part of an order of the Supreme Court at Special Term, Broome county, which denied defendant's motion to dismiss the second cause of action alleged in the complaint. This cause of action is for a judicial separation. The first cause of action is to set aside a separation agreement. Defendant's position is that a separation action cannot be maintained while there is a valid separation agreement in existence. There is authority, however, which sanctions the joinder of two such causes of action. (*Landes* v. *Landes*, 172 App. Div. 758; *Zysman* v. *Zysman*, 140 Misc. 617.) The modern trend of practice favors the joinder of actions wherever possible. The authorities cited by defendant deal with substantive questions and not with an issue of practice. Order appealed from unanimously affirmed, with costs. Present — Hill, P. J., Crapser, Bliss, Heffernan and Foster, JJ.

ALBANY PORT DISTRICT COMMISSION, Respondent, v. THE NATIONAL COMMERCIAL BANK AND TRUST COMPANY OF ALBANY, Appellant.— Appeal from a judgment granting a declaratory judgment in favor of the plaintiff. The sole issue is whether the plaintiff is required to comply with section 6-a of the General Municipal Law, adopted to implement article 8, section 3, of the Constitution of the State of New York, in order to render valid a certificate of indebtedness issued in advance of the levy and collection of taxes for the year beginning July 1st, 1940; or, in other words, whether article 8, section 3, of the Constitution, which prohibits the plaintiff from contracting any indebtedness except on consent of the municipalities affected, should be construed as applying to indebtedness of a temporary character, or whether such prohibition should be limited to permanent or bonded indebtedness. Article 8, section 3, of the Constitution prohibits the plaintiff from contracting any indebtedness except it gets the consent provided for by section 6-a of the General Municipal Law. (*Levy* v. *McClellan*, 196 N. Y. 178.) Judgment reversed, on the law, and declaratory judgment directed for the defendant as demanded by defendant's answer. Hill, P. J., Crapser, Bliss and Foster, JJ., concur; Schenck, J., dissents.