Mary E. Warren, Respondent, *v.* Ruth H. Putman, Appellant.

Third Department, March 4, 1942.

*Dennison & Pulsifer*, for the appellant.

*Gideon G. W. Green*, for the respondent.

Heffernan, J. Defendant has appealed from an order of the Saratoga Special Term of the Supreme Court granting plaintiff's application to amend her complaint.

In her original complaint plaintiff, the settlor of a trust and a beneficiary thereunder, alleged a breach of the trust agreement by defendant, the trustee, and prayed for a rescission thereof and for an accounting by defendant.

In her amended pleading plaintiff set up a second cause of action for rescission on the theory that defendant, by false representations, fraud and deceit practiced upon plaintiff, induced plaintiff to execute the trust agreement. The amended complaint asked for precisely the same relief as its predecessor.

Defendant opposed plaintiff's application on the ground that inconsistent causes of action are pleaded and that certain necessary parties are omitted. We think the Special Term correctly decided the motion.

A cause of action for fraud, inducing the making of a contract by false representations, may be united in the same complaint with causes of action for breach of such contract, where, as here, the causes of action arise out of the same transaction or transactions connected with the same subject of action. (*France & Canada*

*Steamship Corp.* v. *Berwind-White Coal Mining Co.,* 229 N. Y. 89; *Freer* v. *Denton,* 61 id. 492.)

Plaintiff has an absolute right to allege as many grounds for rescission of the trust agreement as she desires. She may allege fraud in entering into the contract as one ground and a substantial breach of the trust agreement as another ground. (*Callanan* v. *K., A. C. & L. C. R. R. Co.,* 199 N. Y. 268.) It is permissible to plead liability on two different theories in the same complaint if it arose in the same transaction or series of transactions, as seems to be the case here. (*Virdone* v. *Globe Bank & Trust Co.,* 235 App. Div. 125.)

The two causes of action set forth in the amended complaint involve the same subject-matter, arise out of the same transaction, and seek the same result, namely, a rescission of the trust agreement and an accounting by defendant. Although brought on different theories of liability they are consistent with each other; they do not require different places of trial and consequently may be joined. (*Ritter* v. *Nirenberg,* 243 App. Div. 542.)

In the enactment of section 258 (Laws of 1935, chap. 339) of the Civil Practice Act the Legislature has liberalized the practice with respect to the joinder of causes of action. It omitted the former requirement that in uniting several causes of action it must appear on the face of the complaint " that they are consistent with each other." Rule 102 of the Rules of Civil Practice was amended the following year by eliminating the words " or if causes of action be improperly united."

It would seem to follow from these changes that a motion addressed to the complaint upon the grounds that inconsistent and mutually exclusive causes of action are there pleaded may no longer be made. (*Ikle* v. *Ikle,* 257 App. Div. 635.)

We think too that defendant has singularly misunderstood the proper practice to be followed. She had no standing to oppose plaintiff's application to amend for the reasons asserted by her. The sufficiency of a pleading may not be decided on a motion to amend the complaint, but may be tested on a motion addressed to the pleading or made at the trial. (*Coron* v. *Lincks,* 259 App. Div. 924.)

Defendant's final argument that the action is not maintainable because of the absence of necessary parties is, likewise, without merit. That question is not properly before us on this appeal. If it should appear at the trial that a complete determination of the controversy may not be had without the presence of other parties the court has full power to direct them to be brought in. (Civ. Prac. Act, § 193.)

The order appealed from should be affirmed, with twenty-five dollars costs and disbursements to respondent.

HILL, P. J., BLISS, SCHENCK and FOSTER, JJ., concur.

Order affirmed, with twenty-five dollars costs and disbursements to respondent.