MILDRED M. PROSSWIMMER, Plaintiff, v. ARTHUR W. PROSSWIMMER, Defendant.

Supreme Court, Special Term, Queens County, July 21, 1944.

*Weller, Rogers, Bergen & Rochford* for defendant.

*Louis Ladislaw Berko* for plaintiff.

FROESSEL, J. In this action by a wife against her husband, plaintiff has set forth two separate causes of action (1) to annul the marriage upon the ground of defendant's fraudulent representations, and (2) for a separation on the ground of cruelty and failure to provide. Defendant moves (a) for judgment dismissing the first cause of action under rule 106 of the Rules of Civil Practice, on the ground of legal insufficiency, and under section 476 of the Civil Practice Act, on the ground that, by alleging a cause of action for separation, plaintiff has " admitted and affirmed the existence of a valid marriage between the parties in contradiction to the election made in the first cause of action ", and (b) for an order striking certain paragraphs from the complaint.

In my opinion, the allegations set forth in the first cause of action are legally sufficient. While it has been held that a " cause of action for a divorce may be inconsistent with a cause of action for a separation in that they may not be united in the

same complaint '' (*Hofmann* v. *Hofmann*, 232 N. Y. 215, 219), section 258 of the Civil Practice Act (formerly Code Civ. Pro., § 484) was subsequently amended permitting the plaintiff to '' unite in the same complaint two or more causes of action whether they are such as were formerly denominated legal or equitable '', and the only limitation contained in said statute is the following language: '' provided that upon the application of any party the court may in its discretion direct a severance of the action or separate trials whenever required in the interests of justice.''

In *Ikle* v. *Ikle*. (257 App. Div. 635, 636–637) it was stated that the foregoing statute '' clearly liberalized the former practice with respect to joinder of causes of action. While in words this section as amended does not authorize the joinder of inconsistent and mutually exclusive causes of action, it is to be noted that it omitted the former requirement that in uniting several causes of action it must appear on the face of the complaint ' that they are consistent with each other.' Inferentially at least, this authorized the uniting in one complaint of inconsistent causes of action. We are of opinion also that an amendment to rule 102, Rules of Civil Practice, in the following year removed the then existing authority for the making of a motion in the nature of the one under review. By the amendment to the rule, the words ' or if causes of action be improperly united ' were excised. This taken in connection with the removal of the prohibition in the section leads to the conclusion that now a motion, addressed to the complaint upon the grounds that inconsistent and mutually exclusive causes of action are there pleaded, may not be made.'' (See, also, *Warren* v. *Putman*, 263 App. Div. 474; *Dolan* v. *Dolan*, 259 App. Div. 1115; *Cutler* v. *Metcalfe*, 268 App. Div. 823.)

It is, of course, true that when plaintiff asks for a separation, she takes the position of affirming the marriage which, in this case, is a voidable one, good until set aside. I do not deem her taking this position in a pleading an admission of such a character as to destroy her action for an annulment, as a matter of pleading. According to the defendant's contention, the first cause of action is bad because of the allegations of the second. By the same reasoning, it may be urged with equal force that the second cause of action is bad because of the allegations of the first. Under the present liberalized practice and upon the authorities hereinbefore cited, mutually inconsistent and mutually exclusive causes of action may be set forth in the same complaint and plaintiff may not, at this time, be compelled to

elect between them, nor be compelled to elect one specific cause of action.

Accordingly, the first branch of the motion will be denied, without prejudice to an application for a severance or separate trials, or such other relief as the defendant may be advised after the service of his answer.

The second branch of the motion will be granted to the extent of striking from paragraph EIGHTH, the incorporated paragraphs of the complaint designated THIRD, FOURTH, FIFTH and SIXTH. The allegations of fraud and misrepresentation are neither necessary nor material; the SEVENTH paragraph of the first cause of action alone may be material and those allegations may be incorporated in the second cause of action.

Settle order on notice providing ten days for defendant to serve his answer.