MAY DE OTERIS, Plaintiff, v. MIKE MARIO, Defendant.

Supreme Court, Special Term, Kings County, October 22, 1945.

*Benjamin C. Ribman* for defendant.

*L. Harrison Katzman* for plaintiff.

RUBENSTEIN, J. Plaintiff has joined two causes of action in a complaint, one for an absolute divorce and the other to set aside a separation agreement. Defendant asserts that an action for divorce may not be joined with one to set aside a separation agreement, but this contention in my opinion is untenable. There is precedent for the joinder of an action for separation and one to set aside a separation agreement (*Dolan* v. *Dolan*, 259 App. Div. 1115), as well as the joinder of an action for annulment with one for a separation. (*Prosswimmer* v. *Prosswimmer*, 182 Misc. 807.) Moreover, inconsistent causes of action may now be joined in one complaint (Civ. Prac. Act, § 258) and the modern trend of practice favors a joinder of actions wherever possible (*Dolan* v. *Dolan*, *supra; Prosswimmer* v. *Prosswimmer*, *supra; Ikle* v. *Ikle*, 157 App. Div. 635).

It is defendant's further contention that the allegations of the complaint with respect to defendant's cruelty, inhuman treatment and abandonment are irrelevant in an action to set aside the separation agreement. Furthermore, with respect to paragraph 18 of the complaint wherein plaintiff alleges that she has already expended the $7,500 paid to her under the separation agreement and that she is wholly unable to return the same or any part thereof, defendant urges that plaintiff should allege that this sum was expended for her support and necessaries. Plaintiff has apparently followed the allegations of the complaint in the case of *Pelz* v. *Pelz* (156 App. Div. 765; 3 Abbott's Forms of Pleading [3d ed.], Form 1806, p. 2137) practically verbatim. There, the appellate court held that the foregoing allegations were pertinent and properly pleaded and under the circumstances plaintiff's pleading appears to be legally sufficient.

Defendant's motion is, therefore, denied, but without prejudice, however, to defendant's right to move for separate trials of the issues involved. Submit order on notice.