EARL BELL et al., Plaintiffs, *v.* MAX YASGUR et al., Defendants.

Supreme Court, Special Term, Albany County, April 11, 1951.

*Goldstein & Goldstein* for plaintiffs.

*Morris M. Oppenheim* for defendants.

BOOKSTEIN, J. The summons in this action is dated March 1, 1950. The complaint was verified March 4, 1950.

The first cause of action is for rescission of a fully executed contract and for a return of the consideration due to alleged fraud and deceit, in inducing the making of the contract. The second cause of action is for recovery of money damages, for the difference in value between the property as conveyed and as represented.

Plaintiffs now move for leave to serve an amended complaint setting forth a cause of action for specific performance of the very contract which, by the first and second causes of action pleaded, they have elected to rescind.

That once a party has elected to rescind a contract for alleged fraud and deceit, he thereby waives any and all other remedies, admits of no doubt. (*Silvestri* v. *Associated Gas & Elec. Corp.*, 240 App. Div. 179; *Merry Realty Co.* v. *Shamokin & Hollis Real Estate Co.*, 230 N. Y. 316, 323; *Metropolitan Life Ins. Co.* v. *Childs Co.*, 230 N. Y. 285, 291.) That an action to rescind a contract and one to enforce specific performance are mutually exclusive likewise admits of no debate.

Before section 258 of the Civil Practice Act and rule 102 of the Rules of Civil Practice were amended to their present form, mutually exclusive causes of action could not be pleaded in the same complaint. And even since then, it has also been so held. (*Dickler* v. *National City Bank of New York*, 160 Misc. 317.) It is true that under present section 258 of the Civil Practice Act and rule 102 of the Rules of Civil Practice, inconsistent causes of action may be pleaded. It does not follow, however, that mutually exclusive causes of action may always be pleaded. (*Dickler* v. *National City Bank of New York*, 160 Misc. 317, *supra*.) The cases in which such pleading has been allowed differed radically from the situation in the case at bar. (*Warren* v. *Putman*, 263 App. Div. 474; *Finestone* v. *Alcroft Studios*, 69 N. Y. S. 2d 396.)

*Newman* v. *Goldberg* (250 App. Div. 431) cited by plaintiff is no authority to the contrary. There, the denial of the motion to amend the answer was based upon a finding of insufficiency of the defense sought to be asserted and the Appellate Division simply held that the sufficiency of the defense sought to be interposed is not to be considered upon a motion for leave to amend. Here, the resistance of defendants is not to the sufficiency of the new cause of action sought to be pleaded, but rather that, assuming its sufficiency, by express election of plaintiffs, it no longer exists, by virtue of the cause of action already alleged in the original complaint. So, too, in *Ikle* v. *Ikle* (257 App. Div. 635) the court did not determine whether the causes of action pleaded were mutually exclusive. It merely decided that, even assuming that they were, defendant could not move to compel an election before answer. *Coron* v. *Lincks* (259 App. Div. 924) cited by plaintiff, deals with inconsistent, but not mutually exclusive causes of action. In *deOteris* v. *Mario* (185 Misc. 1029) cited by

plaintiffs, the motion was to dismiss for insufficiency and to strike matter from the complaint and the court held that such a motion would not be directed against inconsistent causes of action pleaded in a complaint. The causes of action were in no event mutually exclusive. It may be regarded as doubtful that they were even inconsistent.

The only case cited by plaintiffs to sustain their contention of the right to plead mutually exclusive causes of action, sought to be pleaded by the proposed amendment, is *Prosswimmer* v. *Prosswimmer* (182 Misc. 807). A careful analysis of that case would indicate that the rule there enunciated is *limited to* a matrimonial action. Thus viewed, the conclusion reached was entirely logical. There the complaint set forth a cause of action for annulment and for a separation. The court declined to grant a motion, before answer, to compel an election because the actions were inconsistent and mutually exclusive. That their inconsistency was no ground for the relief sought is fully established. And the fact that the actions might be deemed mutually exclusive, as we have already seen, by the authorities hereinbefore discussed, is no basis for a motion to compel an election before answer. In that case, the court also denied a motion to dismiss the cause of action for annulment because the second cause of action for a separation necessarily asserts the validity of the marriage while the first cause of action for annulment asserts its invalidity.

It should be borne in mind that a marriage contract does differ from the ordinary civil contract. So, it might even be maintained that the actions for an annulment and for a separation are not really mutually exclusive. The ultimate relief to be granted varies and the relief granted in the one is mutually exclusive of the relief granted in the other. But the mere assertion by a plaintiff in a complaint of the invalidity of a marriage does not make it so. The marriage is valid until its nullity is declared by a judgment of a court of competent jurisdiction. Hence, the second cause of action for a separation, based on a valid marriage, may in a larger sense, be said to be not inconsistent with the action for annulment and that, until judgment is rendered, such causes are not mutually exclusive.

True, once a person has obtained a decree of separation, he cannot obtain a decree of annulment, based on facts known to him, when he obtained the decree of separation; contrariwise, once a person has received a decree of annulment, he cannot obtain a decree of separation. In the matrimonial action under discussion, the ultimate remedies, in one action or the other, are

mutually exclusive. The causes of action are not necessarily so. The court might well determine that the marriage was void, in which event the separation action would be dismissed and an annulment granted or it might determine the marriage valid, in which event it could dismiss the annulment action and grant a decree of separation, if the evidence warranted it.

A party to a matrimonial action is not required to make an election as to his remedies of annulment, divorce or separation. If, on the assumption that he has a good cause of action for an annulment, he brings an action for that only and fails, he is not barred from thereafter bringing an action for a separation, if he deems he has cause; and if he does bring it and fails, he is not thereafter barred from bringing an action for divorce. Under our present practice, therefore, there is no good reason for prohibiting a cause of action for annulment and one for separation in the same complaint. As already indicated, the ultimate remedies are mutually exclusive, but not the causes of action. It is only when a person has knowledge of the facts justifying an action for an annulment and elects to bring an action for separation or divorce, that his election bars him from an action for annulment. To that extent such party has made an election, which constitutes an effective waiver of the remedy by way of an annulment.

In the instant case, however, the election between mutually exclusive causes of action is a matter to be determined by plaintiffs. No power is lodged elsewhere to compel plaintiffs to elect which of several mutually exclusive causes of action they may have; nor is the power lodged anywhere to preclude or prevent, plaintiffs from electing which of several mutually exclusive causes of action they may have. Once having made the choice, unlike the situation in the matrimonial action, the choice is final and exclusive and any other mutually exclusive cause of action is waived.

To the extent that discretion is vested in the court, in the situation here existing, wise discretion would require the motion to be denied.

" The courts will not permit an amendment where it clearly appears that it will not be of benefit to the party seeking the same but will result in wasting the time of the trial court and causing unnecessary expense to the county in which the venue is laid." (*Stanford* v. *Cayuga Linen & Cotton Mills,* 255 App. Div. 928.)

Motion to amend complaint denied.

Submit order.