JONATHAN BETTER, Plaintiff, *v.* EDWARD A. BUTUOLA et al.,
Defendants.

Municipal Court of the City of New York, Borough of Manhattan,
September 4, 1952.

*William C. Morris* for (American) Lumbermens Mutual Casualty Company of Illinois, defendant.

*Alfred Sobol* for plaintiff.

STARKE, J. This is a motion for a severance by the defendant (American) Lumbermens Mutual Casualty Company of Illinois, hereinafter referred to as the " Company ".

The plaintiff has joined two defendants in three causes of action. The first and third causes of action are against only the defendant Butuola for property damage to an automobile and for personal injuries. The second cause of action is against only the defendant " Company " to recover on a comprehensive insurance policy issued by the " Company " insuring the plaintiff against damage to or loss of his car by reason of fire.

The " Company " contends that the causes pleaded against the defendants are unconnected and arise from separate and distinct transactions, in that plaintiff has joined a cause of action against a tort-feasor (Butuola) for property damage to the plaintiff's automobile as well as for personal injuries sustained by the plaintiff caused by the said tort-feasor (Butuola) together with a cause of action against the " Company " for an alleged breach of contract. The " Company " further contends that it is not liable to the plaintiff upon the same transaction either jointly or otherwise with the alleged tort-feasor (Butuola) and that the rights of the " Company " will be prejudiced by an improper joinder of defendants.

The complaint alleges that the plaintiff's car was parked on the shoulder of the Belt Parkway in order to change a flat tire and that while said automobile was standing still the defendant's (Butuola) car collided with the plaintiff's car. After the accident, the plaintiff's car was being towed from the scene of the accident to a service station for repairs and, en route, the car ignited and was destroyed by fire.

The applicable sections involved here are section 258, dealing with joinder of causes, and section 212, dealing with joinder of parties, of the Civil Practice Act. Section 258 provides as follows: " The plaintiff may join in the same complaint two or more independent or alternate causes of action, regardless of consistency, whether they are such as were formerly denominated legal or equitable, provided that upon the application of any party the court may in its discretion direct a severance of the action or separate trials whenever required in the interests of justice. There may be a like joinder of causes of action when there are multiple parties and the requirements for joinder of parties are satisfied."

The pertinent portions of section 212 are as follows:

" 2. All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them would arise in the action. Judgment may be given according to their respective liabilities, against one or more defendants as may be found to be liable upon all of the evidence, without regard to the party by whom it has been introduced.

" 3. It shall not be necessary that each plaintiff shall be interested in obtaining, or each defendant be interested in defending against all the relief demanded, or as to every cause of action included in any proceeding; but the court may order separate trials or make such other orders as will prevent a party from being prejudiced, delayed, or put to expense by the joinder of a party against whom he asserts no claim and who asserts no claim against him."

The New York Law Journal, in four editorials (N. Y. L. J., Aug. 8, 1952, p. 220, col. 1; Aug. 11, 1952, p. 228, col. 1; Aug. 12, 1952, p. 234, col. 1; Aug. 13, 1952, p. 242, col. 1), developed the reasoning behind the recent amendments to sections 258 and 212 of the Civil Practice Act. The Law Journal indicated that the Judicial Council urged the amendment of these sections, the purpose of the amendments being, as was said by the Court of Appeals in *Great Northern Tel. Co.* v. *Yokohama Specie Bank* (297 N. Y. 135, 140–142), " to overcome the decision of this court in *Ader* v. *Blau* (241 N. Y. 7), where it was held that before its amendment this section prevented the joinder of a cause of action against one defendant, for causing death through negligently maintaining a fence, in the same complaint with a cause of action against the physician, who took care of the injured intestate, for causing death through malpractice."

The Court of Appeals further quoted the Judicial Council, as follows: " ' Complete freedom should be allowed in the joinder of causes of action as in the joinder of parties, and it is submitted that *the correct approach* to the joinder both of parties and of causes of action *is* the English one: *May the matters conveniently be tried together?* ' " (Italics supplied.)

Even prior to the amendments, the Court of Appeals held (in 1924) that a liberal construction should be given to these sections, and that the purpose is to lessen the delay and expense of litigation. The court said in *Akely* v. *Kinnicutt* (238 N. Y. 466, 472): " The statute is a remedial one in promotion of the

purpose in these times so insistent and widespread that the delays and expenses of litigation shall be lessened where possible and as such it is to be liberally construed."

This case was quoted in *Larsen* v. *Ridge Terrace* (95 N. Y. S. 2d 569). "The modern trend of practice favors the joinder of actions wherever possible" (*Dolan* v. *Dolan,* 259 App. Div. 1115; *de Oteris* v. *Mario,* 185 Misc. 1029). The purpose is to eliminate technicalities, multiplicity of actions and delays (*Datz* v. *Economy Cotton Goods Stores,* 263 N. Y. 252; *People ex rel. Adrian Corp.* v. *Sexton,* 251 App. Div. 181).

Joinder of an insurance company was permitted even prior to the amendment, in the following cases, where the action against the insurance company was independent of the action brought against a codefendant. In the case of *Prescott & Son* v. *Nye* (223 App. Div. 356) the court sustained a joinder of a defendant insurance company where the plaintiff was suing to foreclose a mechanic's lien on buildings which had been destroyed by fire and joined the defendant insurance company by reason of fire insurance policies issued by the defendant insurance company covering the buildings. In *Cuban-Canadian Sugar Co.* v. *Arbuckle* (127 Misc. 64), decided in 1926, the court sustained a joinder of an insurance company where the plaintiff sued for damages in the alternative, either based upon a breach of the buyer's agreement to insure, or jointly with the insurers upon the conversion of the proceeds of the insurance policy held for plaintiff's benefit.

In a case decided in 1937 by the City Court of the City of New York (*Lee* v. *American Bonding Co.,* 162 Misc. 757) a joinder of causes of action was permitted which probably would not have been held permissible under the earlier practice. The facts were stated by Justice Evans as follows: "The plaintiff sues on an insurance policy. He is met with the defense that several answers to the questions contained in the application for the policy are false. The plaintiff fears that they are in fact false. But plaintiff did not make the false answers, and did not even know such false answers were made. That was done by the insurance agency without plaintiff's knowledge, authority or consent."

"Such conduct on the part of the insurance agency," Justice Evans continued, "makes it liable to plaintiff for negligence at least. Being met with that defense on the part of the insurance company, and fearing that it may be true, plaintiff wishes to join the insurance agency as a defendant in an action for

negligence by authority of sections 211, 213 and 258 of the Civil Practice Act. The cause of action against the insurance company is, of course, in contract, and the cause against the insurance agency in tort. It is true that the cause of action against the insurer negatives any cause of action against the agency, and also that the cause of action against the agency negatives any cause of action against the insurer. But both causes of action arise out of one and the same transaction, and there is liability, in the alternative, either against the insurance company in contract, or against the agency in tort. Under such circumstances, both parties may be sued in the same complaint."

The Appellate Division, in *Sporn* v. *Hudson Transit Lines* (265 App. Div. 360) propounded the following tests: Keeping in mind that the statute reflects a more liberal view by our Legislature toward joinder, will the joinder prejudice a substantial right or cause confusion at the trial? Will the interest of justice be served by the joinder?

Of course, in applying the above tests in conjunction with the statement by the Court of Appeals in the *Great Northern* case (*supra*) " *Can the actions be conveniently tried together?*", we must see whether or not the requirements of section 258 and section 212 of the Civil Practice Act have been complied with. Section 258 apparently is not in argument in the case at bar because the movant does not urge inconsistency of actions as its ground for a severance. Even if it did, the statute clearly provides for joinder of actions " regardless of consistency ".

The " Company's " arguments deal with section 212 of the Civil Practice Act quoted above. It is the opinion of this court that the requirements of the section have been fully met here. The first and second causes of action arise out of a *series of occurrences,* and there is a question of law or fact *common to both* defendants, since there is liability, in the *alternative,* either against the alleged tort-feasor in tort for negligence resulting in damages to the car, or against the insurance company in contract for fire loss. The extent to which each of the defendants may be liable for damages is common to both causes of action.

The condition of the automobile after the accident and before the fire is a question of fact common to both defendants. It is conceded by the plaintiff that the " Company," if liable at all, can only be liable for damage to the automobile by fire at the time of the fire. The " Company's " possible liability is dependent upon the condition of the automobile immediately preceding the fire. This is an issue in the case, and this issue

concerns the alleged tort-feasor. This contention is further strengthened by the fact that the " Company " asserts that the alleged tort-feasor (Butuola) is responsible for the entire damage to the car, including the fire damage, since it claims that the collision was the proximate cause of the fire and that therefore the " Company " is not even liable for the damage by fire. The case at bar therefore presents a common issue of fact to both defendants.

Unless joinder is permitted, it will mean that plaintiff will be required to prosecute a separate action against the defendant Butuola and litigate the issue of damages resulting from the collision with the defendant Butuola's automobile and then will be required to prosecute a separate action against the defendant " Company " where the most important issue to be tried would be the extent of damages caused as a result of the collision with the defendant Butuola and would be tantamount to a retrial of the same issue requiring duplicate trials and the consequent wasting of time of the litigants, courts, and counsel. Moreover, the defendant " Company," in its papers, has made mention of its rights of subrogation against the defendant Butuola, which would mean that in all likelihood a third trial would take place wherein the same issue would be litigated.

The joinder in the case at bar will not prejudice a substantial right of the movant. Nor will the joinder cause confusion at the trial or a delay thereof. The motion for a severance is hereby denied.