Henrz A. Hudson, J.
The defendant has moved to consolidate the plaintiff’s action in Municipal Court against it with the action which the plaintiff has brought against it in Supreme Court pursuant to the provisions of sections 96 and 97 of the Civil Practice Act.
The plaintiff instituted its action in Supreme Court, April 12,1960, its summons being dated April 11,1960. The summons contained a notice that a default judgment would be taken in the sum of $20,963.85 in the event of the defendant’s default. On April 21, 1960, the plaintiff instituted an action in Municipal Court of the City of Syracuse to recover the sum of $4,113.75 *573 with interest, and on the same day served a complaint in the Supreme Court action demanding judgment in the sum of $16,850.10. After the defendant’s motion papers were served, the plaintiff prepared and served an amended complaint in which it reduced the demand to $16,809.83. In an answering affidavit, the plaintiff’s attorney pointed out that the amended complaint was served for the purpose of eliminating from the demand in the original complaint in the Supreme Court action, an item of interest in the sum of $40.27, which represented a demand for interest upon the cause of action set forth in the complaint in the Municipal Court action. The amount sued for in the Municipal Court action constitutes the exact difference between the amount demanded in the complaint in the Supreme Court action and the amount specified in the demand for judgment set up in the notice attached to the summons.
The defendant has answered in the Supreme Court action and has set up a counterclaim in which it demands judgment in the sum of $300,000, alleging a breach of contract involving the same transactions which form the basis of the plaintiff’s cause of action as set forth in its original complaint.
The defendant alleges in its moving papers and it is conceded by the plaintiff that with the exception of the cause of action set forth in the complaint in Municipal Court to recover for the sale of materials of the value of $4,113.75, the entire claim of the plaintiff is based on interest claimed to be due upon invoices for sales of goods, wares and merchandise which occurred over a period of several years, all of which have been paid. There is attached to the plaintiff’s complaint and amended complaint, schedules showing the manner in which such items are computed and the amount of the original invoices upon which they are computed. It appears therefrom that the total of such invoices would exceed $450,000. All of this sum had concededly been paid by the defendant to the plaintiff with the exception of $4,113.75, which comprises a total of some five invoices and that the balance of the plaintiff’s cause of action consists of a large number of items of interest on separate invoices totaling some $16,000. It will, therefore, be seen that the parties have been involved in very substantial business transactions extending over a period of several years.
The defendant, in support of its application, urges that the two causes of action which it seeks to have consolidated, involve a determination of a part of the same business transaction between the parties and urges that it is entitled just as much to offset any recovery which it may obtain upon its counterclaim if it is successful thereon against the amount which would be *574 found due the plaintiff in the Municipal Court action as well as any amount that would be found due the plaintiff in the Supreme Court action, although they deny the right of the plaintiff to any recovery.
The plaintiff urges that the defendant has made an assignment for the benefit of its creditors; that the plaintiff will be prevented from making any recovery from the defendant for a period of two years, the period which the plaintiff asserts will be necessary for the Supreme Court action to be reached for trial, whereas, it asserts, the Municipal Court action can be reached for trial immediately. It, therefore, opposes the consolidation upon the grounds that its rights will be severely prejudiced; that it will be unable to recover upon the cause of action set up in its complaint in Municipal Court and that other creditors of the defendant will, therefore, be placed in a preferred position.
The defendant concedes that it has been compelled to discontinue its business and in fact bases its cause of action against the plaintiff, as set forth in its counterclaim, upon the alleged ground that it was caused to discontinue its business by reason of certain wrongful acts of the plaintiff which constituted a breach of the contract between them.
The plaintiff, in opposing the motion for consolidation, relies upon Lichtenstein v. Lapadula S Villani Trucking Corp. (283 App. Div. 721); New York Yellow Cab Co. Sales Agency v. Courtlandt Garage (203 N. Y. S. 300); Paparo v. Shulman (117 Misc. 690); Miro v. Gottheim (285 App. Div. 834). These cases support the principle that a Supreme Court and a lower court action will not be consolidated when, the lower court action can be reached for trial promptly and a trial in Supreme Court would require a delay of several years, for the reason that the plaintiff thereby will be deprived of the right to dispose of his case in the lower court and consequently will be substantially prejudiced. The above-cited cases involve actions in the Metropolitan area where there is a serious delay in the trial of Supreme Court actions. A different problem exists in Supreme Court in most of the counties outside the Metropolitan areas. The plaintiff urges that in Onondaga County where these actions are pending, a delay of some two years will occur in the trial of the Supreme Court action. I am not in accord with this contention. There is no such delay recognized and as a rule cases are reached in much less than one year. If plaintiffs’ counsels are seriously desirous of disposing of a case in less than one year, they are, as a rule, able to do so.
The statutory provision relating to consolidation should be liberally construed to permit the consolidation whenever it is *575 possible to do so without prejudice or injustice to any of the parties. (White v. Boston & Maine R. R. Co., 283 App. Div. 482; Better v. Butuola, 203 Misc. 723; Bershadsky v. Harvilla, 279 App. Div. 701.)
The burden of showing prejudice rests upon the party opposing consolidation. (Monticello Gas & Oil Co. v. Lhevan, 133 N. Y. S. 2d 573.)
I am not impressed with the plaintiff’s argument that it should be permitted to dispose of the action pending in Municipal Court because otherwise other creditors will get a preferred position and it will be unable to recover or the assets of the defendant may be placed beyond its reach. In effect the plaintiff is saying that it should be permitted to obtain the preferred position. Ample protection for creditors in the position of the plaintiff is afforded under the law. Except for this ground, the plaintiff has not presented any further reasons why its position would be jeopardized or prejudiced if the actions were consolidated and tried in Supreme Court. It has failed to maintain the burden of proof, which I feel is upon it, to establish that its rights will be severely jeopardized if a consolidation is directed. On the other hand, it would appear that the defendant should be permitted to litigate the causes of action set forth in the plaintiff’s complaints in both Supreme and Municipal Courts together as well as the cause of action which the defendant asserts against the plaintiff in its counterclaim. Certainly, if the defendant is entitled to recover on its counterclaim, it is entitled to offset any recovery against any recovery which the plaintiff might obtain in either the Supreme or Municipal Court actions. Both the plaintiff’s cause of action and the defendant’s counterclaim in the Supreme Court action far exceed the jurisdiction of the Municipal Court. Finally the action of the plaintiff in proceeding in Supreme Court to recover upon all of its claims against the defendant and then 10 days after starting the Supreme Court action severing the same so that $4,113.75 was transferred to Municipal Court and $16,850.10 retained in Supreme Court does not seem to warrant the exercise of the court’s discretion and require two separate trials of causes of action involved in the same transaction. The situation far more requires the enforcement of the general rule that whenever possible, without prejudice or injustice, consolidation will be permitted.
The motion to consolidate will be granted, with $10 costs.