PHILIP KNOBLAUCH, Respondent, v. LITTLE FALLS DAIRY COMPANY, INCORPORATED, Appellant.— Judgment reversed on the law and complaint dismissed, with costs in all courts. Memorandum: There is no proof in the case as to the amount of the actual damage arising from plaintiff's breach of the contract. The stipulated damage not appearing excessive or unconscionable on its face, considering the nature of the contract and all the circumstances of the case, the plaintiff should not succeed. Having made the contract for a stipulated damage, the burden was on the party seeking to repudiate the contract, the plaintiff, to show that such agreed damage is so exorbitant as to be in the nature of a penalty. The exact damage is wholly uncertain, difficult to prove, and in fact incapable of being ascertained except by conjecture. In such case a stipulated damage, within reason, is not a thing condemned by either law or equity. (*Tode* v. *Gross*, 127 N. Y. 480; *Hackenheimer* v. *Kurtzmann*, 235 id. 57; *Kemp* v. *Knickerbocker Ice Co.*, 69 id. 45; *Little* v. *Banks*, 85 id. 258; 17 C. J. 940.) All concur.

GEORGE L. LAWSON, Respondent, v. W. CLIFFORD HAYWARD and Another, Appellants.— Order affirmed, with ten dollars costs and disbursements. All concur, except Crosby, J., not voting.

GEORGE A. WERNER, as Administrator, etc., of ANDREW WERNER, Respondent, v. DEAN G. CRIPPEN and Others, Appellants.—Order affirmed, with ten dollars costs and disbursements. All concur.

In the Matter of the Application of ROY J. DOBELL, on Behalf of ADIRONDACK ARROW and Another, Appellant, for a Mandamus Order against EDWARD SHANLEY and Others, Members of the Board of Supervisors, etc., of Herkimer County, and Others, Respondents.— Order affirmed, with costs. All concur.

ROSA MARTORELLA, Respondent, v. THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellant.— Judgment and order affirmed, with costs. All concur, Lewis, J., not sitting.

ROBERT WILCOX, by GORDON WILCOX, His Guardian ad Litem, Respondent, v. GUY E. JACKSON and Others, Appellants, Impleaded with NATIONAL BISCUIT COMPANY and Another, Defendants.— Judgment and order reversed on the law and facts as to the appellants Wilkins and Castle, with costs, and complaint dismissed as to said appellants, without costs, and judgment affirmed as to appellant Jackson, with costs. Memorandum: We find in the record no credible evidence to support a finding by the jury that the defendant Castle, driving an automobile owned by defendant Wilkins, was at any time guilty of negligence which was a concurring proximate cause of the accident. All concur.

GORDON S. WILCOX, Respondent, v. GUY E. JACKSON and Others, Appellants, Impleaded with NATIONAL BISCUIT COMPANY and Another, Defendants.— Judgment and order reversed on the law and facts as to the appellants Wilkins and Castle, with costs, and complaint dismissed as to said appellants, without costs, and judgment affirmed as to appellant Jackson, with costs. Memorandum: We find in the record no credible evidence to support a finding by the jury that the defendant Castle, driving an automobile owned by defendant Wilkins, was at any time guilty of negligence which was a concurring proximate cause of the accident. All concur.

JOSEPH WILKINS, Appellant, v. GUY E. JACKSON, Respondent.— Judgment and order reversed on the facts and new trial granted, with costs to the appellant to abide the event. (See memorandum in *Wilcox* v. *Jackson*, ante, p. 910.) All concur.