Anna Limon Ikle, Appellant, *v.* Max Ikle, Respondent, Impleaded with Herte Ikle, Also Known as Madame DeKreith, Defendant.

First Department, October 27, 1939.

*Joseph Henry Cohen*, for the appellant.

*Max R. Simon* of counsel [*Maurice Lefkort*, attorney], for the respondent.

O'MALLEY, J. The question presented is whether a motion will lie before answer to compel a plaintiff to elect between several alleged inconsistent and mutually exclusive causes of action.

Of the five causes of action pleaded, the first two only are involved. The first is to the effect that on or about January 16, 1939, defendant Max Ikle borrowed from plaintiff the sum of $10,000 payable with interest upon demand, for which sum judgment is requested.

Apparently by way of anticipation of a defense, there are further allegations in this cause of action to the effect that on or about January 28, 1939, said defendant by false and fraudulent representations specifically set forth, induced plaintiff to agree that the time of payment was to be postponed for five years. Because of these fraudulent representations, it is asserted, the extension agreement is null and void.

The second cause of action is to the effect that on the date of the note, January 16, 1939, said defendant, by fraudulent representations specifically enumerated, induced plaintiff to turn over to ' him $10,000. Then are repeated the allegations respecting the extension agreement of January 28, 1939, and its inducement by fraudulent representations. Judgment is asked in the sum of $10,000.

It is urged that in the first cause of action plaintiff relies upon a rescission of the extension agreement, whereas in the second, by proceeding on the theory of fraud, she affirms the transaction. Hence it is urged that these causes of action are inconsistent and mutually exclusive. It is contended, therefore, that they may not be joined in the same complaint.

Whether these causes of action are truly inconsistent and mutually exclusive (*France & C. S. S. Corp.* v. *Berwind-White C. M. Co.*, 229 N. Y. 89; 20 Col. L. Rev. 712, 800, 801) we need not and do not now decide.

However, assuming without conceding that they are inconsistent and mutually exclusive, we are of opinion that plaintiff may not at this time be compelled to elect between them. Section 258 of the Civil Practice Act, in effect September 1, 1935, clearly liberalized the former practice with respect to joinder of causes of action. While in words this section as amended does not authorize the

joinder of inconsistent and mutually exclusive causes of action, it is to be noted that it omitted the former requirement that in uniting several causes of action it must appear on the face of the complaint " that they are consistent with each other." Inferentially at least, this authorized the uniting in one complaint of inconsistent causes of action. We are of opinion also that an amendment to rule 102, Rules of Civil Practice, in the following year removed the then existing authority for the making of a motion in the nature of the one under review. By the amendment to the rule, the words " or if causes of action be improperly united " were excised. This taken in connection with the removal of the prohibition in the section leads to the conclusion that now a motion, addressed to the complaint upon the grounds that inconsistent and mutually exclusive causes of action are there pleaded, may not be made.

It follows, therefore, that the order appealed from should be reversed and the motion denied but with leave to renew at a proper time.

The order appealed from should be reversed, with twenty dollars costs and disbursements, and the motion denied, but with leave to defendant Max Ikle to answer or otherwise move with respect to the complaint within ten days after service of a copy of the order herein upon payment of said costs.

MARTIN, P. J., TOWNLEY, GLENNON and UNTERMYER, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and motion denied, with leave to the defendant-respondent to answer or otherwise move with respect to the complaint within ten days after service of order upon payment of said costs.