BERNARD G. ANTUN, Plaintiff, *v.* MASHOLIE-SALVATOR Co., INC., et al., Defendants.

Supreme Court, Special Term, Queens County, March 23, 1943.

*Pine, Lemov & Levy* for Charles Masholie, defendant.

*Morris Permut* for plaintiff.

FROESSEL, J. · This is a motion by defendant Masholie to dismiss the second cause of action for legal insufficiency or in the alternative for an order pursuant to rule 102 of the Rules of Civil Practice to direct plaintiff to elect as to which one of the two causes of action he will rely on, upon the ground that they are inconsistent.

Plaintiff seeks by this action to recover $3,625, with interest and protest fees, upon a promissory note made by the corporate defendant on April 28, 1939, and indorsed, prior to delivery, by the individual defendants. The first cause of action is against the maker and indorsers of said promissory note. The second cause of action alleges that at the time of the making of the note the corporate defendant had already discontinued business operations; that it had no legal existence inasmuch as it had been dissolved by proclamation; that said corporation, therefore, had no capacity to make, execute and deliver the promissory note in question, all of which was well known to the moving defendant, who was its president, and the other individual defendant, who was its treasurer, both of whom had no legal capacity or authority to make, execute and deliver the said note in behalf of the corporate defendant; and that by reason thereof the said individual defendants must be held as makers of the said promissory note.

The first cause of action stands unchallenged. The question is whether the second cause of action is legally sufficient. Under section 39 of the Negotiable Instruments Law one who signs an instrument containing, or to which he adds, words indicating that he signs for or on behalf of a principal or in a representative capacity, is liable on the instrument if he has signed without authority. (*New Georgia National Bank* v. *Lippmann*, 249 N. Y. 307.) If, therefore, the defendant corporation had no legal existence, as we must assume upon the present motion since it is so pleaded, then the moving party had no authority to execute the note in behalf of the corporation as its president and he may be held liable as a maker in addition to his liability as an indorser. If as a matter of fact, however, the note was given for one of the purposes provided in section 29 of the General Corporation Law, which cannot be gathered from the face of the complaint, that would appear to be matter of defense. The first branch of the motion is accordingly denied.

The second branch of the motion, namely, under rule 102 of the Rules of Civil Practice, must also be denied. A motion does not lie before answer to compel a plaintiff to elect between alleged inconsistent and mutually exclusive causes of action. (*Ikle* v. *Ikle*, 257 App. Div. 635.) In *Coron* v. *Lincks* (259 App. Div. 924) the court held that upon a motion to amend a complaint so as to add an additional cause of action, the fact that such new cause of action is inconsistent with those already pleaded is not a sufficient reason for denying the motion, citing *Ikle* v. *Ikle* (*supra*).

The moving defendant will be granted ten days within which to serve his answer.