HAROLD FAHN et al., Doing Business as HOME FIRE ALARM Co., Plaintiffs, *v.* ROBERT F. DANN et al., Defendants.

Supreme Court, Special Term, Onondaga County, April 29, 1955.

*Hamilton White* for defendants.

*Hyman Pearlman* for plaintiffs.

DEL VECCHIO, J.   This is a motion under rule 106 of the Rules of Civil Practice for an order dismissing the complaint on the ground that it fails to state facts sufficient to constitute a cause of action.

Plaintiffs sue for breach of contract and in paragraph 5 of the complaint allege: " That the said contract further provided that in the event that the contract were cancelled by the defendants herein, they agreed to pay to the Home Fire Alarm Company, a sum equal to fifty percent of the contract as fixed liquidated and ascertained damages without proof of loss or damage." There is no allegation of any actual loss sustained by the plaintiffs.

Plaintiffs should not be permitted to recover a substantial sum if nominal damages only resulted from the breach of contract.

In *Seidlitz* v. *Auerbach* (230 N. Y. 167, 173–174) the court said: " Generally whenever the damages flowing from a breach of a contract can be easily established or where the damages fixed are plainly disproportionate to the injury the stipulated sum will be treated as a penalty."

In *Dunn* v. *Morgenthau* (73 App. Div 147, 148, affd. 175 N. Y. 518) the court said: " If no damage is sustained, the provision of a contract for liquidated damages will be regarded as a penalty. That damage or injury must result from the breach is a necessary factor in the problem." (See, also, *Weinstein & Sons* v. *City of New York,* 264 App. Div. 398, affd. 289 N. Y. 741.)

In their brief the plaintiffs state they can prove the actual loss or damage sustained.   In the cases they cite, namely, *Knoblauch* v. *Little Falls Dairy Co.* (241 App. Div. 910) and

*Downtown Harvard Lunch Club* v. *Racso, Inc.* (201 Misc. 1087), the courts pointed out that the amount of damage plaintiff would suffer as a result of a breach by defendant was not in any way certain, was difficult to prove and in fact incapable of being ascertained except by conjecture. Under such cirumstances, which do not exist in the present case, a stipulated damage is enforcible as liquidated damages and not as a penalty.

The motion to dismiss is granted with leave to amend the complaint within ten days from the service of a copy of the order with notice of entry.

Order accordingly.