Jacob J. Schartzwald, J.
In this action for breach of contract, defendant moves for an order dismissing the complaint pursuant to rule 106 of the Buies of Civil Practice on the ground that the complaint fails to set forth facts sufficient to constitute a cause of action.
*641 It is well established that a pleading challenged for legal insufficiency must be construed broadly and liberally and allegations of fact are, for the purposes of the motion, assumed to be true.
In substance, the plaintiff alleges in the first cause of action the entry into the contract, a copy of which is attached to the pleading, the delivery of the defendant’s check in the sum of $1,500 as a down payment, the delivery of the specifications, a copy of which is attached to the complaint, the stopping of payment of the check in breach of the contract, as well as other facts showing violations thereof, performance on plaintiff’s part and willingness to continue, and resulting damages. Its terms allegedly appear complete in all respects.
In support of the motion defendant argues that the contract never became effective and is a nullity because the down payment check of $1,500 was stopped and that under the terms of the contract it was not to become binding until the payment of the $1,500; that the amount sued for is a penalty and not liquidated damages, that the defendant is not the owner of the premises upon which the work was to be performed and the contract by its terms is indefinite and incomplete.
What the parties meant by the clause 11 By paying $1500 to be mailed into office Binding upon payment of Fifteen Hundred ($1500.00) Dollars,” cannot be easily ascertained from the papers. Where the true intention and primary purpose of the parties to a contract is not clear, the complaint will not be dismissed for insufficiency but the motion will be denied, to permit the development of all the facts (Handal v. Knepper, 269 App. Div. 967; Realty Appraisals Co. v. Astor-Broadway Holding Corp., 5 A D 2d 36).
As to the question of damages, parties may stipulate for liquidated damages where the exact damages are uncertain and incapable of being ascertained except by conjecture. Such agreements will be upheld unless excessive or unconscionable upon their face. The burden is upon the party seeking to set aside such damage clause, to show it to be exorbitant and in the nature of a penalty (Knoblauch v. Little Falls Dairy Co., 241 App. Div. 910). If the court, upon the trial of this action, determines that the disputed clause be in the nature of a penalty, then in that event the plaintiff would be limited to its actual damages (Winkelman v. Winkelman, 208 App. Div. 68; Downtown Harvard Lunch Club v. Racso, Inc., 201 Misc. 1087; Craine, Inc. v. Platt, 49 N. Y. S. 2d 709). The question of whether or not the amount sued for is in the nature of a penalty or liquidated damages is not properly before the court at this time.
*642 The failure of the plaintiff to allege that the defendant is the owner of the premises is not relevant or a matter to he passed upon on a motion of this character. Sufficient is it to say that there is a defendant charged with a breach of a contract executed by him. Whether he be the owner or chargeable with damages is not determinable on this motion. The further claim that the contract is incomplete and indefinite does not appear as a defect on the face thereof. Nor is the consistency or inconsistency of the causes of action properly before the court on a motion under rule 106 of the Rules of Civil Practice. Section 258 of the Civil Practice Act specifically provides that a plaintiff may join in the same complaint, two or more independent or alternate causes of action regardless of consistency (Ikle v. Ikle, 257 App. Div. 635).
As the motion is addressed to the entire complaint and not to any specific cause of action, and the first cause of action having been sustained {supra), there is no need to pass upon the sufficiency of the second cause of action (Advance Music Corp. v. American Tobacco Co., 296 N. Y. 79).
Accordingly, the motion is denied. Submit order.