■ ARLENE JOHNSON, an Infant, by Her Guardian ad Litem, ANNIE JOHNSON, et al., Appellants, v. MORRIS HILL et al., Defendants, and CHARLES CAMPAGNALE, Respondent.— In an action by an infant to recover damages for personal injuries, and by her mother for medical expenses and loss of services, the appeal is from a judgment entered on an order granting respondent's motion to dismiss the complaint for lack of diligent prosecution. Judgment unanimously affirmed, without costs. No opinion. Present — Nolan, P. J., Beldock, Ughetta, Hallinan and Kleinfeld, JJ.

■ JEAN KAPLAN, Respondent, v. JACK KAPLAN, Appellant.— In an action for a separation, defendant appeals from an order denying his motion pursuant to section 775 of the Judiciary Law for release from the Civil Prison, Westchester County, where he is confined under an order of commitment for contempt for failure to pay alimony and counsel fees. Order affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Murphy, Hallinan and Kleinfeld, JJ., concur.

■ MORRIS J. KAPLAN et al., Appellants, v. MELVIN SACKS, Respondent. ALVIA SACKS, Respondent.— In an action by attorneys to recover the reasonable value of services rendered as necessaries to Alvia Sacks, the wife of respondent Melvin Sacks, in the maintenance of an action for a separation, the appeals are from an order granting the motion of respondent Melvin Sacks to vacate a notice to examine his wife before trial, and from a separate order granting his wife's motion to vacate such notice and a subpœna calling for her personal appearance at such examination. Orders reversed, with $10 costs and disbursements, and the respective motions denied. The examination is to proceed on 10 days' notice. In our opinion, there was a sufficient showing that the wife will probably be an unfriendly, if not hostile, witness, adequate to support appellants' claim that the resultant situation constituted "special circumstances" (Civ. Prac. Act, § 288) justifying her examination before trial (cf. *Malagoli* v. *Bernstein*, 1 A D 2d 1042; *Pease & Elliman* v. *Kress & Co.*, 4 A D 2d 829). Any claim of privilege now asserted may be protected by proper objection upon the examination or on trial (*Matter of Village of Lawrence* [*Hicks Development Corp.*], 285 App. Div. 823). Nolan, P. J., Wenzel, Murphy, Hallinan and Kleinfeld, JJ., concur.

■ PERMA-STONE BI COUNTY CORPORATION, Respondent, v. JEROME B. ACKERMAN, Appellant.— In an action to recover damages for breach of contract to furnish labor and materials, and to recover on a check, the appeal is from an order denying a motion to dismiss the complaint on the ground that it does not state facts sufficient to constitute a cause of action, under rule 106 of the Rules of Civil Practice. Order affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Wenzel, Ughetta, Hallinan and Kleinfeld, JJ., concur. [15 Misc 2d 640.]

■ ARTHUR L. PURCELL, as Administrator of the Estate of DELLA PURCELL, Deceased, Respondent, v. LONG ISLAND DAILY PRESS PUBLISHING COMPANY, INC., Appellant.— In an action to recover damages for injuries to property negligently caused by fire, the appeal is from an order granting respondent's motion, *inter alia*, to open his default and to restore the case to the Trial Calendar. Order affirmed, without costs. No opinion. Nolan, P. J., Murphy, Hallinan and Kleinfeld, JJ., concur.