Bernard S. Meyer, J.
This motion seeks summary judgment of one of two actions which on movant’s motion were heretofore ordered jointly tried. Action No. 1 was brought for breach of contract and with respect to it a settlement agreement was executed releasing all of the defendants other than Continental Radiant Glass Heating Corporation and discontinuing the action as to them, fixing plaintiff’s money damages as against Continental at $35,000, and providing that that sum would be paid over an indefinite period through profits realized by plaintiff on sales made through Continental of an item manufactured by plaintiff. As to Continental, releases were not exchanged nor was the action discontinued. Rather, plaintiff was given the right to enter judgment in the event of failure of performance and Continental’s right to answer was extended for seven months. Continental has exercised that right by the filing of an answer and counterclaim. By Action No. 2 plaintiff seeks damages for breach of the settlement agreement. No judgment has been entered in Action No. 1, but defendant contends that there was an accord and satisfaction and that, therefore, it is entitled to summary judgment in Action No. 1. The motion is denied.
The facts above outlined differentiate this case from Moers v. Moers (229 N. Y. 294) relied upon by defendant, and establish that the agreement referred to was an executory accord governed by section 33-a of the Personal Property Law rather than an accord and satisfaction. (Goldbard v. Empire State Mut. Life Ins. Co., 5 A D 2d 230.) The question is one of intention and in the instant case the reservation of defendant’s right to answer and plaintiff’s right to enter judgment while at the same time all other defendants were released satisfies the court that the agree *269 ment was merely one “ to accept performance, in futuro, as future satisfaction of the old agreement or dispute.” (Goldbard v. Empire State Mut. Life Ins. Co., supra, p. 233).
Subdivision 3 of section 33-a of the Personal Property Law provides that: “ If an executory accord is not performed according to its terms by one party, the other party shall be entitled either to assert his rights under the claim, cause of action, contract, obligation, lease, mortgage or other security interest which is the subject of the accord, or to assert his rights under the accord.” It is not necessary now to decide whether the use in the provision of the disjunctives “ either * * * or”
and of the phrase “ assert his rights ” takes an executory accord out of the usual rule that an election between inconsistent and mutually exclusive remedies need not be made at the time of pleading. (IJcle v. Ikle, 257 App. Div. 635.) While clearly the quoted provision requires that an election be made at some time (1937 Report of N. Y. Law Rev. Comm., p. 207), defendants may not make the election for plaintiff by moving for summary judgment as to but one of the actions.