Joseph A. Suozzi, J.
In this action, tried without a jury, plaintiff sues to recover $6,854.87 for breach of a lease agreement for two motor vehicles, made by the defendant partnership and guaranteed by the two partners. It was stipulated that in lieu of taking additional oral testimony, the examinations before trial of the plaintiff and defendants, which together with the pleadings disclosed all of the essential facts in this action, be introduced into evidence .and be used by the court in the determination of this action.
The court finds that on March 2, 1963, plaintiff entered into a lease with the defendant partnership to rent two vehicles — a *70 1957 Gf-MAC truck and a Ford truck — for a period of 36 months at a total rental of $11,454.84, to be paid in monthly installments of $318.19. A security deposit of $500 was made, and the two partners guaranteed performance of the lease.
The claim of the defendants that the CM AC truck actually belonged to the defendants and had been given to the plaintiff in lieu of an additional $2,000 security cannot now be considered. The lease agreement is clear on its face, and cannot now be varied in accordance with the position taken by the defendant as to this vehicle.
As of August 28, 1963, the defendants had paid $1,241.04 in rentals, and were in default in the sum of $614.99 on rentals already due, and an additional $9,598.81 remained unpaid under the lease. At that time the plaintiff deemed the defendants in default, and repossessed the motor vehicles.
Subsequently the Gf-MAC truck was sold for $1,400. The Ford truck was rerented for 36 months at $285 a month, but shortly thereafter was again repossessed and rerented to a Henry Smith for 36 months at $225 a month. Although there is no evidence as to the status of the second rerental agreement, plaintiff’s memorandum suggests that this truck has again been repossessed and is presently held by the plaintiff.
Plaintiff’s action is based upon a provision of the lease which provides, in paragraph 24, that in addition to all of the remedies of the lessor in the event of a breach, the “ lessee shall nevertheless be liable for 65 Jo of the stipulated monthly rental for each month remaining under this lease as liquidated damages.” In upholding a similar provision in an action involving three leases for three buses wherein summary judgment was granted (Konner Rentals Corp. v. V. & G. Conway Bus Transp. Co., N. Y. L. J., Nov. 25, 1964, p. 20, col. 3), Mr. Justice Velsob of this court stated that a provision in a contract for liquidated damages will be upheld where ‘ ‘ parties anticipate difficulty in ascertaining damages which may result from a breach of contract and the stipulated amount for liquidated damages is not disproportionate on its face to the probable loss to be sustained”. (Emphasis supplied.)
Prior adjudications with respect to similar lease provisions have at best established the reasonableness and propriety of using liquidated damages provisions in leases for the rental of motor vehicles. However, whether a similar provision in another lease should be enforced is dependent upon a finding that the stipulated amount of damages is not disproportionate on its face to the probable loss to be sustained. Such a finding does not automatically follow because of prior adjudications involving similar *71 provisions, but can only be made after'considering all of the facts and circumstances of the specific lease involved.
The determination as to the reasonableness of the stipulated amount must be viewed as of the time of the making of the contract and, if found to have been reasonable at such time, must be upheld despite the fact that the actual loss ensuing may be much less than the sum agreed upon. So that here, the fact that the loss sustained by the plaintiff, if any, may be considerably less than the amount agreed upon is itself not dispositive of this issue.
The question then is whether the provision for liquidated damages fixed in the amount of 65% of the stipulated monthly rental for each month remaining unpaid, viewed from the time of the making of the lease, is a reasonable one.
Notwithstanding a liquidated damages clause, it is always incumbent upon a person against whom a breach has been committed to use such means as are reasonable under the circumstances to avoid or minimize the damages, so that a person wronged will not recover items of damages which could have reasonably been avoided. Whatever the uncertainties of rerenting these trucks might be at the time the lease is made, the fact remains that the plaintiff continues as owner of the vehicles, and upon repossession can resell them.
After considering all of the alleged uncertainties which led to the inclusion of a provision for liquidated damages, including the possibility of the plaintiff paying finance charges in the event of a breach, a reasonable depreciation of the vehicles and a possible loss of profits, the court does not find that this provision is reasonably proportionate on its face to the plaintiff’s probable loss, and therefore will not enforce it.
The enforcement of this provision would sanction the enforcement of similar provisions in each of the rerental agreements into which the plaintiff has entered for the Ford truck, and which may have been breached. This eventuality itself manifests the unreasonableness of a liquidated damage provision in the amount stated.
Accordingly, insofar as the instant action seeks to recover damages on the basis of the liquidated damages provision, the action must be dismissed. This is not to say that the plaintiff may not recover for such damages as it actually will sustain by reason of this breach after having done all that is reasonable to minimize and reduce its possible loss. However, such recovery cannot be had in the instant action, but must await an action brought for damages and the proof of such damages.