**In The Matter of Arbitration Between**
**HARBOR ISLAND SPA, INC.**
**v.**
**NORWEGIAN AMERICA LINE A/S.**
**No. 68 Civ. 4479.**

United States District Court,
S. D. New York.
June 22, 1970.

Aranow, Brodsky, Bohlinger, Einhorn & Dann, New York City, Robert J. Ward, Anthony Tersigni, New York City, of counsel, for Harbor Island Spa, Inc.

Haight, Gardner, Poor & Havens, New York City, John C. Moore, New York City, of counsel, for Norwegian America Line.

TENNEY, District Judge.

Norwegian America Line A/S (referred to hereinafter as "Owners") moves herein pursuant to 9 U.S.C. § 9 for an order confirming a certain arbitration award and making it a rule of this court.

The Harbor Island Spa, Inc. (hereinafter referred to as "Charterers") opposes confirmation of the award and requests that the award be vacated and set aside on the grounds that (a) the majority of the arbitrators improperly refused to hear evidence pertinent, material and essential to the controversy and, further, refused to afford the Charterers the opportunity to examine and rebut certain evidence submitted ex parte

by the Owners, and (b) the award rendered on its face and as applied was an unlawful penalty, violated public policy and exceeded the lawful power of the arbitrators. As will more fully appear, this is still another case "where a party who has cheerfully entered into an agreement for arbitration repents once the other party seeks to invoke that remedy." Marcy Lee Mfg. Co. v. Cortley Fabrics Co., Inc., 354 F.2d 42 (2d Cir. 1965).

On June 14, 1967, Owners and Charterers entered into a contract of charter under which the M/S "SAGA-FJORD" was chartered to the Charterers for a cruise to the West Indies, such cruise to start on May 10, 1968. The said Charter Party constituted a maritime transaction and a contract evidencing a transaction involving commerce as set forth in 9 U.S.C. § 1. Clause 8 of the said Charter Party provided in part that charter hire in the total amount of $266,000 was to be paid by Charterers to Owners as follows:

(1) $26,600.00, or 10 per cent of the total charter hire on the signing of the said charter party on June 14, 1967;
(2) $79,800.00, or 30 per cent of the total on or about September 30, 1967;
(3) $159,600.00, or the remaining 60 per cent, on or about January 30, 1968.

Charterers paid the first two payments as described above, that is $26,600.00 on June 14, 1967 and $79,800.00 on September 30, 1967. However, after two extensions of time granted by Owners, the said Charter Party was cancelled by Owners, on March 1, 1968, ten weeks before the sailing date, for failure of Charterers to pay the remaining $159,600.00 in accordance with Clause 8 of the Charter Party as described above.

Clause 16 of the said Charter Party provided as follows:

Any dispute or difference between the owners and the charterers shall be submitted to arbitration by three persons at New York, who shall be commercial men, one to be named by each of the parties hereto and the third to be named by the two so chosen. Their decision, or that of any two of them, shall be final and may be made a rule of court.

In accordance with that provision of the Charter Party, the Charterers appointed Mr. Leo Bertisch, and the Owners appointed Mr. Gustave L. Bowen. After the failure of the two appointed arbitrators to agree on a third arbitrator, Charterers brought a motion before this Court for the Court to designate a third arbitrator. The motion was heard before the Honorable Walter R. Mansfield, United States District Judge, who, by order dated December 3, 1968, designated Mr. Townsend D. Baker, Jr., as the third arbitrator.

The arbitration panel was required to consider whether or not the Charter Party was breached by the Charterers and, if so, whether the amounts already paid to the Owners, as described above, were to be considered as liquidated damages as provided for by Clause 9 of the Charter Party which reads as follows:

If for any cause whatever the cruise is abandoned by the charterers, except as herein permitted, or if they should fail to carry out this agreement, all amounts paid to the owners shall remain the property of the owners, as to relieve the owners in any event from proving actual damages, which it would be difficult if not impossible to do, and charterers shall have no claim whatsoever on any amount so retained by the owners.

It is not seriously disputed that the foregoing clause is "standard" in the industry. Nor is there any dispute that Charterers were fully advised by their counsel with respect thereto, or that the arbitrators fully considered the question of its validity and reasonableness. After hearing testimony and considering various documents and correspondence, the arbitrators issued an award which, by a two-to-one decision, found that the Charter Party had been breached by Charterers and that Owners were to be

awarded the amounts previously paid by Charterers, in the total amount of $106,400 as liquidated damages. Said award also fixed the fees of the arbitrators at $400 apiece and ordered that they be paid by Charterers.

Charterers contended before the arbitrators that substitute business found by Owners should be considered in determining gain or loss by reason of the breach, in order to determine whether Clause 9 of the Charter Party was properly a liquidated damages claim or a "penalty" clause. Charterers contended that if the actual financial result of the substitute business was more favorable to Owners than would have been the case if the final 60 per cent of the charter hire had been paid and the charter performed, the liquidated damages clause would work a "forfeiture" or "penalty" and would be unenforceable. The arbitrators held that such evidence as to the substitute business was irrelevant and that the liquidated damages clause was a reasonably close estimate of what the loss was likely to be if the Charter was breached. Affid. of Townsend D. Baker, Jr. (dated Apr. 20, 1970).

Of course, if proof of the actual financial result of the substitute business was relevant and if Charterers were prejudiced by the refusal by Owners to produce such evidence, the award may be vacated. 9 U.S.C. § 10(c); Chevron Transport Corporation v. Astro Vencedor Compania Naviera, S.A., 300 F. Supp. 179 (S.D.N.Y. 1969). However, the arbitrators clearly had power to determine whether the liquidated damages clause was merely a "poorly disguised penalty" (Opinion of dissenting arbitrator at 1) or a valid liquidated damages clause, and the majority upheld its validity. South East Atlantic Shipping Ltd. v. Garnac Grain Co., Inc., 356 F.2d 189, 192 (2d Cir. 1966). The fact that such a finding may have been based upon a misinterpretation of law or an insufficiency of supporting facts does not warrant vacating the award. Orion Shipping & Trading Co., Inc. v. Eastern States Petroleum Corp. of Panama, S.A.,

312 F.2d 299 (2d Cir.), cert. denied, 373 U.S. 949, 83 S.Ct. 1679, 10 L.Ed.2d 705 (1963). However, in the instant case, the majority of the arbitrators were correct in their interpretation of the law. "The determination as to the *reasonableness* of the stipulated amount *must be viewed as of the time of the making of the contract* and, if found to have been reasonable at such time, must be upheld *despite the fact that the actual loss ensuing may be much less than the sum agreed upon.*" (Emphasis added.) Konner Rental Corp. v. Pedone, 50 Misc.2d 69, 269 N.Y.S.2d 463, 465 (Sup.Ct. 1966). See also Priebe & Sons, Inc. v. United States, 332 U.S. 407, 411–412, 68 S.Ct. 123, 92 L.Ed. 32 (1947). The majority of the arbitrators found the liquidated damages clause to be a reasonable one, *i. e.*, that it "was a reasonably close estimate of what the loss was likely to be if the Charter was cancelled because the Charterers failed to make one of the payments which it had contracted to make." Affid. of Townsend D. Baker, Jr. at 1 (dated Apr. 20, 1970). Charterers had the burden of proving that the liquidated damages clause was, in fact, a penalty clause—Perma-Stone Bi-County Corporation v. Ackerman, 15 Misc.2d 640, 182 N.Y.S.2d 655, 657 (Sup. Ct.), aff'd, 8 A.D.2d 731, 187 N.Y.S. 2d 991 (App.Div. 1959)—for it cannot be said "upon the face of the contract that the liquidated damages agreed upon are out of all proportion to any possible loss." In re Lion Overall Co., Inc., 55 F.Supp. 789, 791 (S.D.N.Y.1943), aff'd sub nom. United States v. Walkof, 144 F.2d 75 (2d Cir. 1944). Their failure to meet that burden cannot be attributed to a refusal by a majority of the arbitrators to receive or consider irrelevant evidence. Newark Stereotypers' Union No. 18 v. Newark Morning Ledger Co., 397 F.2d 594 (3rd Cir.), cert. denied, 393 U.S. 954, 89 S.Ct. 378, 21 L.Ed.2d 365 (1968).

Neither can the ex parte receipt of irrelevant evidence have prejudiced Charterers so as to warrant vacating the award.

Accordingly, the motion to vacate is denied and the motion to confirm the award is granted. Submit judgment in accordance herewith on three (3) days' notice.