In the Matter of the arbitration between PETROLEUM TRANSPORT, LTD., owners of the IONIAN CHALLENGER, Petitioner,

and

YACIMIENTOS PETROLIFEROS FIS-CALES, Charterers, Respondent.

No. 76 Civ. 624 (CHT).

United States District Court, S. D. New York.

Sept. 21, 1976.

Cardillo & Corbett, New York City, for petitioner; Joseph Cardillo, Jr., Tulio R. Prieto, New York City, of counsel.

Pendleton & McLaughlin, Washington, D. C., for respondent; David I. Gilchrist, John H. Cleveland, III, Hill, Betts & Nash, New York City, of counsel.

## MEMORANDUM

TENNEY, District Judge.

Petroleum Transport, Ltd. ("Petroleum") has petitioned this Court, pursuant to Section 10 of the Arbitration Act, 9 U.S.C. §§ 1 to 14 inclusive, for an order vacating the award made in this arbitration proceeding but confirming part of the findings made

by the arbitration panel and remanding the matter to the arbitration panel or in the alternative for an order simply vacating the award. The grounds alleged are that the arbitrators were guilty of misconduct in refusing to hear evidence pertinent and material to the controversy and that the arbitrators so imperfectly executed their powers that a final and definite award upon the subject matter submitted was not made.

The arbitration proceeding arises out of alleged deceit practiced by Yacimientos Petroliferos Fiscales ("YPF") on Petroleum in connection with the charter of Petroleum's tanker, Ionian Challenger. The parties hereto nominated their arbitrators on September 17, 1974 who in turn selected a Chairman. Hearings were held on December 16, 1974 and February 3, 1975. At the outset of the first hearing the Chairman advised the parties that after the arbitrators had made their determination they would notify the parties that the award was ready for release, and that upon receipt of the arbitrators' fees and expenses the award would be released. At the hearing YPF introduced evidence as to the rates at which it had subsequently chartered ships. At the conclusion of the hearing of February 3, 1975 the Chairman stated on the record:

"Both parties having stated that they have no further evidence to submit, other than that which will be forthcoming by mail and will not be a part of the transcript, this hearing is closed at approximately 4:35 p.m. on the 3rd of February."

A schedule for briefing was agreed upon, and on March 11, 1975 counsel for YPF wrote to the arbitrators stating:

"The final date for filing of additional exhibits and/or briefs was set for 10 March 1975.

"Since I have not received any additional material I have nothing to file in rebuttal. Therefore, I consider the record closed and submitted for decision."

On March 13, 1975 counsel for Petroleum having received a copy of the above-quoted letter of March 11, 1975 wrote to the arbitrators advising that the lawyer assigned to

Petroleum's case had been taken seriously ill, that the lawyer had further material he intended to submit to the arbitrators, and requesting that the record be kept open. On March 17, 1975 counsel for YPF wrote the arbitrators advising he had no objection to opposing counsel's request.

Petroleum's post-hearing memorandum was filed on or about July 2, 1975, and thereafter on July 7, 1975 counsel for YPF notified the arbitrators that no reply memorandum would be filed by it. Counsel for both parties were thereafter advised by the arbitrators that they intended to make the award without considering any additional submissions by the parties unless those submissions were received by September 27, 1975. YPF's and Petroleum's submissions were filed, respectively, on September 22 and September 24, 1975. In his letter of September 24, 1975 Petroleum's counsel stated, *inter alia*:

"We also note that the Panel will proceed to make an award on or shortly after September 27th. We assume that the Panel does not therefore intend to call any broker . . . . While we are pleased that the panel is proceeding to an award promptly . . . we had also considered calling tanker brokers . . . . *Our only purpose in doing so, however, was to establish the market rate at the time.* However, we agree that there appears to be no need to call any broker for that purpose. . . ." (Emphasis added).

Thereafter, on September 26, 1975 and October 2, 1975, respectively, Petroleum and YPF wrote the arbitrators offering argument and comment on the evidence.

On October 10, 1975 the Chairman wrote to counsel for both parties advising that the arbitrators had made their determination and that the award would be released upon receipt of the arbitrators' fees which were to be paid by YPF. The award was signed and dated as of October 24, 1975, but was not delivered pending receipt of the arbitrators' fees from YPF. On November 3, 1975 counsel for Petroleum in a letter to the arbitrators once again revived the possibili-

ty of introducing further evidence which he described in a further letter dated November 12, 1975 as "[p]resenting a witness which is essentially to show that Y.P.F. subsequently chartered a number of vessels many for W 490 and at least one for as much as W 500 *within the next few weeks after* the fixture of the IONIAN CHALLENGER." (Emphasis added).

The arbitrators, being undecided as to their power to reopen the hearings after the award had been made although not delivered, wrote to counsel for both parties on November 24, 1975 asking for the submission of memoranda as to their authority. Coincidentally, on the same date, YPF forwarded the arbitrators' fees and the award was delivered.

Finally, on January 6, 1976, after having received the memorandum requested as to its powers and other communications, the Chairman wrote to counsel for both parties stating that "[i]n view of documentation received prior and subsequent to the signing and delivery of the award and payment of arbitrators' fees, it is the considered opinion of the Panel that its decision functions have terminated on the issues as submitted."

9 U.S.C. § 10 provides in pertinent part as follows:

> "[T]he United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration—

> .  .  .  .  .

> (c) Where the arbitrators were guilty of misconduct . . . in refusing to hear evidence pertinent and material to the controversy; . . ."

▪ The Court has carefully examined the award and the papers submitted by the parties on this petition and believes that certain observations are called for. In the first place, "[a]rbitrators must be given discretion to determine whether additional evidence is necessary or would simply prolong the proceedings." *Catz American Co. v. Pearl Grange Fruit Exchange, Inc.*, 292 F.Supp. 549, 553 (S.D.N.Y.1968). *See also Northwest Airlines, Inc. v. Air Line Pilots Ass'n, Int.*, 385 F.Supp. 634, 637 (D.D.C. 1974), *rev'd on other grounds*, 530 F.2d 1048 (D.C.Cir. 1976). The arbitrators were well within their rights in rendering the award over eight months after the hearing was initially closed and after Petroleum had had ample opportunity to submit further documentation prior to the award.

▪ In the second place, the arbitrators are charged with the duty of determining what evidence is relevant and what is irrelevant and, barring a clear showing of abuse of discretion, the Court will not vacate an award based on improper evidence or the lack of proper evidence. *Orion Shipping & Trading Co. v. Eastern States Petroleum Corporation of Panama, S.A.*, 312 F.2d 299, 300 (2d Cir.), *cert. denied*, 373 U.S. 949, 83 S.Ct. 1679, 10 L.Ed.2d 705 (1963); *Harbor Island Spa, Inc. v. Norwegian American Line A/S*, 314 F.Supp. 471, 474 (S.D.N.Y. 1970). The evidence sought to be introduced by Petroleum, *i.e.*, charter rates obtained by YPF "within the next few weeks after" the incident complained of, appear to have little relevance as compared to more contemporaneous rates already made part of the record.

▪ Finally, the award, except for the computation of attorneys' fees chargeable to YPF, was "mutual, final, and definite" within the context of 9 U.S.C. § 10(d). The fact that no damages were awarded Petroleum against YPF does not invalidate the award. *Ilios Shipping and Trading Corp., S.A. v. American Anthracite & Bituminous Coal Corp.*, 148 F.Supp. 698, 700 (S.D.N.Y.), *aff'd*, 245 F.2d 873 (2d Cir. 1957). In the instant case the arbitrators found unanimously that Petroleum suffered no damage, and they gave a rational explanation for that finding. Petitioner's motion is denied in all respects, with costs to respondent.

So ordered.